Docket No. 91840–Agenda 13–September 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. AARON D. SWIFT, Appellee.

Opinion filed November 21, 2002.

JUSTICE FREEMAN delivered the opinion of the court:

In this appeal we are asked to review the constitutionality of defendant’s 80-year extended-term sentence in light of the Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The central issue is one of construction of the Illinois sentencing statutes that establish the penalties for first degree murder. Specifically, we must determine, for purposes of 
Apprendi
 analysis, whether the Illinois “sentencing range” for that crime is 20 to 60 years’ imprisonment, 20 years’ to life imprisonment, or 20 years’ imprisonment to death. We conclude that the sentencing range is 20 to 60 years’ imprisonment. Because defendant’s sentence exceeded this range, based on a factual finding made by the court, the sentence cannot stand. Accordingly, we vacate the sentence and remand the cause for resentencing.

BACKGROUND

In the circuit court of Winnebago County, a jury convicted defendant, Aaron Swift, of the first degree murder (720 ILCS 5/9–1(a)(2) (West 1998)) of Karzell Anderson. Although a detailed recitation of the facts underlying the conviction is not necessary for our disposition of the case, we note that from the evidence and testimony adduced at trial, the jury could have found that in February 1998, defendant stabbed the victim 21 times, causing his death, as the end result of a drug-related altercation.

The State did not seek the death penalty for defendant. However, the State did request the court to impose an extended-term sentence. The court found that the offense was exceptionally brutal or heinous, and imposed an extended term sentence of 80 years’ imprisonment based on that finding. See 730 ILCS 5/5–8–2(a), 5–5–3.2(b)(2) (West 1998). Defendant appealed.

The appellate court affirmed defendant’s conviction, but vacated his extended-term sentence. In so doing, the court held that section 5–8–2 of the Unified Code of Corrections (Code) (730 ILCS 5/5–8–2 (West 1998))–the statute authorizing the extended-term sentence the circuit court imposed on defendant–was unconstitutional under 
Apprendi
, which was decided while the appeal was pending. 322 Ill. App. 3d 127. This appeal of right followed. 177 Ill. 2d R. 612(b); 134 Ill. 2d R. 317. For the reasons that follow, we affirm the judgment of the appellate court that the sentence imposed in this case cannot stand and remand for resentencing.

ANALYSIS

As previously noted, this case involves application of the rule of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). There, the defendant was convicted of possession of a firearm for an unlawful purpose, a “second-degree” offense (N.J. Stat. Ann. §2C:39–4(a) (West 1995)) normally punishable by a sentence of 5 to 10 years’ imprisonment (N.J. Stat. Ann. §2C:43–6(a)(2) (West 1995)). However, a New Jersey “hate crime” statute increased the applicable sentence to 10 to 20 years’ imprisonment, based on the trial judge’s finding, by a preponderance of the evidence, regarding the defendant’s motive for committing the crime. N.J. Stat. Ann. §2C:43–7(a)(3) (West 1995). The high court struck down the latter statute, framing the issue as “whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt.” 
Apprendi
, 530 U.S. at 469, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. The Court answered this question in the affirmative, concluding that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

Defendant argues that 
Apprendi
 compels vacatur of his sentence in the instant case. He contends that based solely on the facts found by the jury, he was only exposed to a sentence of between 20 and 60 years’ imprisonment for his conviction of first degree murder. See 730 ILCS 5/5–8–1(a)(1)(a) (West 1998). He notes that his 80-year extended-term sentence, like the sentence imposed in 
Apprendi
, was based on a factual finding by the trial judge by a preponderance of the evidence. See 730 ILCS 5/5–8–2(a), 5–5–3.2(b)(2) (West 1998). He argues that a straightforward application of 
Apprendi
 requires that his extended-term sentence be vacated and the cause remanded for resentencing.

The State disagrees. First, the State attempts to distinguish 
Apprendi
 on its facts, arguing that the Court never intended that sentences imposed under statutes such as the Illinois extended-term statute be judged according to the rule announced in 
Apprendi
. In the alternative, the State contends that the statutory scheme in force in Illinois and the sentence imposed on the defendant in the instant case do not violate the 
Apprendi
 rule. We shall consider these arguments in turn.

Initially, the State attempts to limit 
Apprendi
 to its facts, proffering two distinctions between the New Jersey statute struck down in 
Apprendi
 and the extended-term statute under which defendant was sentenced in the instant case. First, the State notes that the statute at issue in 
Apprendi
 
required
 the court to impose a longer sentence upon the requisite factual finding concerning the defendant’s motive, whereas the Illinois extended-term statute merely 
permits
 the court to impose an extended-term sentence upon an appropriate finding. See 730 ILCS 5/5–8–2(a) (West 1998). Second, the State notes that in 
Apprendi
 the Court stated that the New Jersey statute essentially raised the classification of the underlying offense, from a second-degree offense to a first-degree offense. See 
Apprendi
, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. The State contends that the Court was only truly concerned with statutes which changed offense classifications and argues that the rule announced in 
Apprendi
 was never intended to apply to statutes that do not have such an effect.

Neither distinction is persuasive. Although the State correctly characterizes the statute at issue in 
Apprendi
, the Court’s analysis did not rely on the features by which the State seeks to distinguish the case. In other words, the State’s distinctions make no difference.

As we have previously discussed, the rule established by the Court’s decision in 
Apprendi
 admits of a relatively simple statement: Due process requires that all facts necessary to establish the statutory sentencing range within which the defendant’s sentence falls must be proven to a jury beyond a reasonable doubt. See 
People v. Jackson
, 199 Ill. 2d 286, 296 (2002); 
People v. Ford
, 198 Ill. 2d 68, 73 (2001), quoting 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. With respect to the State’s first argument, the mandatory nature of the New Jersey sentence increase was not germane to the Court’s analysis, as is evident in the Court’s framing of the issue–“whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination 
authorizing
 an increase in the maximum prison sentence for an offense from10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt.” (Emphasis added.) 
Apprendi
, 530 U.S. at 469, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. The Court did not rely on this feature of the statute in any portion of its analysis. A defendant’s due process rights are violated by a sentence which exceeds the maximum sentence authorized by the facts found by the jury, whether imposition of the invalid sentence is mandatory or discretionary with the judge.

The State’s second basis for distinguishing 
Apprendi
 is that the rule was only intended to apply to statutes which actually change the classification of the offense. This argument fares little better than the State’s first argument, in light of the Supreme Court’s recent decision 
Ring v. Arizona
, 536 U.S. __, 153 L. Ed. 2d 556,  122 S. Ct. 2428 (2002). There, the Court held that the Arizona death penalty scheme did not pass constitutional muster, because it allowed the judge to make a factual finding which would determine whether a defendant convicted of first degree murder would receive the death penalty or life imprisonment. The statute which the Court invalidated in 
Ring
 did not change the classification of the offense.

The State’s attempts to distinguish 
Apprendi
 on its facts are unavailing. Accordingly, we must proceed to the central issue in the case, analysis of the penalty scheme for first degree murder in Illinois. We note that this case squarely presents this court with an issue we previously left unaddressed. See 
Ford
, 198 Ill. 2d at 73.

The central tenet of 
Apprendi
 is that the constitution requires that any facts necessary to authorize the sentence imposed on the defendant must be proven to the jury, beyond a reasonable doubt. In this case defendant was sentenced to 80 years’ imprisonment based on a factual finding that the crime was brutal and heinous. This finding was made by the circuit court judge, not a jury. Moreover, the burden of proof was merely a preponderance of the evidence, not proof beyond a reasonable doubt. See 
People v. Jackson
, 199 Ill. 2d 286, 293 (2002) (judge need only find extended-term sentencing factor by a preponderance of the evidence). Accordingly, defendant’s sentence cannot stand unless he was eligible for such a sentence 
without
 such a finding–
i.e.
, based solely on the facts found by the jury beyond a reasonable doubt. As previously noted, defendant argues that the appellate court correctly vacated his sentence, because the sentencing range for first degree murder is 20 to 60 years’ imprisonment.

The State contends that according to the statutes which establish the sentencing structure for first degree murder, defendant became eligible for a sentence of 20 years to life–or 20 years to death–upon the jury’s finding that he was guilty of first degree murder, because there is statutory authorization for any sentence in these ranges. The State urges that it is of no moment that the judge made a factual finding in the course of sentencing defendant, because defendant’s sentence fell within the sentencing range for the crime of which the jury found him guilty. Accordingly, the State argues, the appellate court erred, and defendant’s 80-year sentence should be affirmed.

We must determine what sentence could be imposed on defendant for his first degree murder conviction, based solely on the facts found by the jury. This is a question of statutory interpretation, and as such the principles guiding our analysis are well established. In matters of statutory interpretation our standard of review is 
de novo
. Our primary purpose is to give effect to the intent of the legislature, and the best evidence of that intent is the plain language of the statutes. Where the meaning of a statute is plain on its face, there is no need to resort to other tools of construction. In interpreting statutes, we must avoid constructions which would produce absurd results. 
People v. Pullen
, 192 Ill. 2d 36, 42 (2000).

 There are three statutes involved.

Section 5–8–1(a)(1) of the Code (730 ILCS 5/5–8–1(a)(1) (West 1998)) provides that “[e]xcept as otherwise provided in the statute defining the offense,” the court shall impose a sentence of imprisonment for first degree murder within certain constraints:

“(a) a term shall be not less than 20 years and not more than 60 years, or

(b) if the court finds that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty or, except as set forth in subsection (a)(1)(c) of this Section, that any of the aggravating factors listed in subsection (b) of Section 9–1 of the Criminal Code of 1961 are present, the court may sentence the defendant to a term of natural life imprisonment, or

(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if [various factual predicates obtain with respect to the defendant, the victim, or the crime.]” 730 ILCS 5/5–8–1(a)(1)(a) through (a)(1)(c) (West 1998).
(footnote: 1)
 Section 9–1 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/9–1 (West 1998)) defines the crime of first degree murder and sets out the procedures necessary to impose the death penalty for the crime. Subsection (a) of section 9–1 provides that one who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death,

“(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or

 (3) he is attempting or committing a forcible felony other than second degree murder.” 720 ILCS 5/9–1(a) (West 1998).

Subsection (b) of section 9–1 provides that a defendant found guilty of first degree murder who was 18 or older at the time of the commission of the offense may be sentenced to death if one of several different aggravating factors obtain. See 720 ILCS 5/9–1(b)(1) through (b)(19) (West 1998). Before a death sentence may be imposed, however, the court must hold a separate sentencing hearing. 720 ILCS 5/9–1(d) (West 1998). At this hearing, a jury–or the court, if defendant waives a jury–must first determine whether the State has proven one or more of the enumerated aggravating factors beyond a reasonable doubt. 720 ILCS 5/9–1(g), (h) (West 1998). Even if the fact finder does so find, it must next consider factors in aggravation and mitigation. The death penalty can only be imposed if the fact finder concludes–unanimously, if the fact finder is a jury–that there are no mitigating factors sufficient to preclude the imposition of the death sentence. 720 ILCS 5/9–1(g), (h) (West 1998). If the fact finder does not find the State to have proven one or more of the aggravating factors beyond a reasonable doubt, or does not subsequently unanimously find that there are no mitigating factors sufficient to preclude the imposition of the death penalty, the court must sentence the defendant to a term of imprisonment under chapter V of the Code. 720 ILCS 5/9–1(g), (h) (West 1998).

Finally, section 5–8–2(a) of the Code provides that the court

“shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5–8–1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5–5–3.2 were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:

(1) for first degree murder, a term shall be not less than 60 years and not more than 100 years[.]” 730 ILCS 5/5–8–2(a) (West 1998).
(footnote: 2)
The court imposed the 80-year sentence in the instant case pursuant to section 5–8–2(a), based on its finding that the offense was exceptionally brutal and heinous. See 730 ILCS 5/5–5–3.2(b)(2) (West 1998).

In essence, the State contends that Illinois has a “unitary” sentencing scheme for first degree murder. The State urges us to read all of the statutes as a whole and conclude that any sentence the legislature has authorized to be imposed on a defendant convicted of first degree murder is part of the sentencing range.

We reject this argument. A defendant commits first degree murder when he kills an individual, intending or knowing that he is likely to cause death or great bodily harm, or when he commits the killing in the attempt or commission of a felony other than second degree murder. See 720 ILCS 5/9–1(a) (West 1998). See also Illinois Pattern Jury Instructions, Criminal, No. 7.02 (4th ed. 2000). According to the plain language of the statutes we set out above, if only these facts are proven, the sentence imposed must be between 20 and 60 years’ imprisonment. See 730 ILCS 5/5–8–1(a)(1)(a) (West 1998). For any other sentence to be imposed, be it an extended-term sentence of 60 to 100 years (730 ILCS 5/5–8–2(a)(1) (West 1998)), life imprisonment (730 ILCS 5/5–8–1(a)(1)(b), (a)(1)(c) (West 1998)), or the death penalty (720 ILCS 5/9–1(g), (h) (West 1998)), additional facts must be proven. Thus, according to the plain language of the statutes, 20 to 60 years’ imprisonment is the sentencing range for first degree murder. This is the only range of sentence authorized for the basic elements of the crime.

The State’s argument runs counter to the plain language of section 5–8–2(a) of the Code in another sense, as well. As previously noted, section 5–8–2(a) only requires proof of aggravating factors if the court imposes a sentence “in excess of the maximum sentence authorized by Section 5–8–1.” 730 ILCS 5/5–8–2(a) (West 1998). If the “maximum sentence authorized by section 5–8–1” were life imprisonment, as the State contends, section 5–8–2(a) would seem to permit the court to impose an extended-term sentence without finding any aggravating factor–because no matter what extended-term sentence the court imposed, that sentence could not exceed life imprisonment. Reading section 5–8–1 as authorizing a maximum sentence of 60 years’ imprisonment, on the other hand, allows that section and section 5–8–2(a) to operate in perfect harmony, with the 60-to-100-year extended-term range permitted pursuant to the latter picking up exactly where the former’s 20-to-60-year sentencing range leaves off. See 
People v. Hopkins
, 201 Ill. 2d 26, 40 (2002) (“when any statutory enhancing aggravating factor is proved to exist beyond a reasonable doubt, *** 
the original sentencing range increases
 according to the statutory scheme” (emphasis added)).

Finally, the State’s argument that the 
Apprendi
 “sentencing range” for a crime is any penalty authorized by statute to be imposed for that crime–regardless of what factual findings the legislature might require before higher ranges of sentence could be imposed–has recently been rejected by the Supreme Court. See 
Ring v. Arizona
, 536 U.S. __, 153 L. Ed. 2d 556, 122 S. Ct. 2428  (2002).

In briefing the instant case, the State relied in large part on 
Walton v. Arizona
, 497 U.S. 639, 111 L. Ed. 2d 511, 110 S. Ct. 3047 (1990). There, the Court upheld the constitutionality of the Arizona death penalty statutes. Under Arizona law, the only two punishment alternatives for a defendant convicted of first degree murder were death or life imprisonment. Ariz. Rev. Stat. Ann. §13–703(A) (West 2001). A death sentence could be imposed only if the court found that an aggravating circumstance existed and that there were “no mitigating circumstances sufficiently substantial to call for leniency.” Ariz. Rev. Stat. Ann. §13–703(E) (West 2001). In 
Walton
, the Court upheld this scheme, rejecting the argument that a defendant was entitled to have a jury determine the existence of an aggravating circumstance. In 
Apprendi
, the Court distinguished and reaffirmed 
Walton
. Key to the distinction drawn by the 
Apprendi
 majority was the premise that the maximum sentence for first degree murder in Arizona was death. Reasoning therefrom, the Court concluded that “ ‘once a jury has found the defendant guilty of all the elements of an offense which carries as its maximum penalty the sentence of death, it may be left to the judge to decide whether that maximum penalty, rather than a lesser one, ought to be imposed.’ ” 
Apprendi
, 530 U.S. at 497, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366, quoting 
Almendarez-Torres v. United States
, 523 U.S. 224, 257 n.2, 140 L. Ed. 2d 350, 377 n.2, 118 S. Ct. 1219, 1237 n.2 (1998) (Scalia, J., dissenting, joined by Stevens, Souter and Ginsburg, JJ.). The primary dissent in 
Apprendi
 labeled the majority’s distinction of 
Walton
 “baffling,” because the majority’s premise was “demonstrably untrue”: a defendant convicted of first degree murder in Arizona could not receive a death sentence unless the judge made the additional factual finding that a statutory aggravating factor existed. 
Apprendi
, 530 U.S. at 538, 147 L. Ed. 2d at 484, 120 S. Ct. at 2388 (O’Connor, J., dissenting, joined by Rehnquist, C.J., Kennedy and Breyer, JJ.).

The Arizona Supreme Court later concluded that the 
Apprendi
 dissenters had construed the Arizona statutes at issue correctly. 
State v. Ring
, 200 Ariz. 267, 25 P.3d 1139 (2001). Although a defendant convicted of first degree murder could ultimately receive the death sentence, that sentence could not be imposed unless the court made a factual finding that there existed a statutory aggravating factor. 
State v. Ring
, 200 Ariz. at 279, 25 P.3d at 1151.

Faced with Arizona’s construction of its own statutes, the Court reconsidered its earlier conclusion that 
Walton
 and 
Apprendi 
could peacefully coexist. After briefing had concluded in the instant case, the Court overruled 
Walton
. 
Ring v. Arizona
, 536 U.S. __,  153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002). The Court concluded that 
Walton
 and 
Apprendi
 were irreconcilable, and reversed the defendant’s death sentence on the grounds that the Arizona death penalty scheme was unconstitutional because it removed from the jury the determination of facts required to establish the defendant’s eligibility for that sentence. “Because Arizona’s enumerated aggravating factors operate as ‘the functional equivalent of an element of a greater offense,’ 
Apprendi
, 530 U.S., at 494, n.19, the Sixth Amendment requires that they be found by a jury.” 
Ring
, 536 U.S. at __, 153 L. Ed. 2d at 577, 122 S. Ct. at 2443.

One of the arguments raised in 
Ring
 was that the defendant was “sentenced within the range of punishment authorized by the jury verdict” because he “was convicted of first-degree murder, for which Arizona law specifies ‘death or life imprisonment’ as the only sentencing options.” 
Ring
, 536 U.S. at __, 153 L. Ed. 2d at  573, 122 S. Ct. at 2440. The Court rejected this argument, recalling the admonition in 
Apprendi
 that “ ‘the relevant inquiry is one not of form, but of effect.’ ” 
Ring
, 536 U.S. at __, 153 L. Ed. 2d at 573, 122 S. Ct. at 2440,  quoting 
Apprendi
, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. A finding of an aggravating circumstance would expose the defendant to a penalty greater than that authorized by the jury’s guilty verdict standing alone, the Court stated; the Arizona statutory scheme “ ‘authorizes a maximum penalty of death only in a formal sense.” 
Ring
, 536 U.S. at __, 153 L. Ed. 2d at 573-74,  122 S. Ct. at 2440, quoting 
Apprendi
, 530 U.S. at 541, 147 L. Ed. 2d at 486, 120 S. Ct. at 2389 (O’Connor, J., dissenting, joined by Rehnquist, C.J., Kennedy and Breyer, JJ.). The Court concluded that to endorse this argument would reduce 
Apprendi
 “to a ‘meaningless and formalistic’ rule of statutory drafting.” 
Ring
, 536 U.S. at __, 153 L. Ed. 2d at 574, 122 S. Ct. at 2441, quoting 
Apprendi
, 530 U.S. at 541, 147 L. Ed. 2d at 486, 120 S. Ct. at 2390 (O’Connor, J., dissenting, joined by Rehnquist, C.J., Kennedy and Breyer, JJ.).

We conclude that for purposes of 
Apprendi
 analysis, the “sentencing range” for first degree murder in Illinois is 20 to 60 years’ imprisonment. This is the only range of sentence permissible based on an ordinary jury verdict of guilt. Although there is statutory authorization for higher sentences to be imposed for this crime, any sentence longer than 60 years requires additional factual findings. See 730 ILCS 5/5–8–2(a) (West 1998) (extended-term sentence); 730 ILCS 5/5–8–1(a)(1)(b), (a)(1)(c) (West 1998) (life imprisonment); 720 ILCS 5/9–1(g), (h) (West 1998) (death penalty). According to 
Apprendi
, any factual findings which take a sentence above the sentencing range must be proven to a jury beyond a reasonable doubt. In this case, the factual finding that defendant’s crime was brutal and heinous was made by the circuit court, and the State was not held to the appropriate burden of proof. Accordingly, defendant’s sentence cannot stand.

However, section 5–8–2(a)(1) is not facially unconstitutional. See 
People v. Jackson
, 199 Ill. 2d 286, 301 (2002) (“A statute is facially unconstitutional only if ‘ “no set of circumstances exists under which the Act would be valid” ’ ”), quoting 
In re C.E.
, 161 Ill. 2d 200, 210-11 (1994), quoting 
United States v. Salerno
, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707, 107 S. Ct. 2095, 2100 (1987); 
Ford
, 198 Ill. 2d 68 (upholding constitutionality of application of section 5–8–2(a)(1)). Accordingly, we vacate that portion of the appellate court’s opinion which so held.

CONCLUSION

For the foregoing reasons, we affirm the result reached by the appellate court, that the sentence in this case cannot stand. However, we vacate the appellate court’s conclusion that section 5–8–2 of the Code of Corrections (730 ILCS 5/5–8–2 (West 1998)) is facially unconstitutional. The conviction entered by the circuit court is affirmed, but the sentence entered is vacated, and the cause is remanded to the circuit court for resentencing.

Appellate court judgment affirmed

in part and vacated in part;

circuit court judgment affirmed

in part and vacated in part;

cause remanded.

FOOTNOTES
1:     
1
While this case was pending on appeal, the legislature amended subsection (a)(1)(b) so as to require “a trier of fact” to make the requisite factual finding “beyond a reasonable doubt” before allowing imposition of a sentence of natural life imprisonment. Pub. Act 91–953, §10, eff. February 23, 2001.

2:     
2
The legislature has amended section 5–8–2 so as now to require that before an extended-term sentence may be imposed, a “trier of fact” must find “beyond a reasonable doubt” that “the factors in aggravation set forth in paragraph (b) of Section 5–5–3.2” are present. Pub. Act 91–953, §10, eff. February 23, 2001.