# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Crawford*, 2011 IL App (2d) 100533

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRELL O. CRAWFORD, Defendant-Appellant. |
| District & No. | Second District <br> Docket No. 2-10-0533 |
| Filed | November 21, 2011 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's five-year sentence for forgery was upheld on appeal, notwithstanding defendant's contention that the sentence was unconstitutional because the trial court's finding that probation would deprecate the seriousness of the offense was not alleged in the indictment and proved to a jury beyond a reasonable doubt in accord with *Apprendi*, since a five-year sentence is the maximum sentence for forgery, and the mere fact that section 5-6-1 of the Unified Code of Corrections requires the trial court to make one of three findings in order to impose a prison term rather than probation does not violate *Apprendi*. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 09-CF-3041; Kathryn E. Creswell, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal    Thomas A. Lilien and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Lawrence M. Bauer, and Marshall M. Stevens, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel    JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Hutchinson and Burke concurred in the judgment and opinion.

## OPINION

¶ 1    Following a jury trial, defendant, Darrell O. Crawford, was convicted of forgery (720 ILCS 5/17-3(a)(2) (West 2008)). Finding that probation would deprecate the seriousness of the offense, the trial court sentenced defendant to five years' imprisonment. Defendant appeals, contending that his prison sentence is unconstitutional because the finding the trial court made in sentencing him to prison was not alleged in the indictment and proved to a jury beyond a reasonable doubt. We affirm.

¶ 2    An indictment charged defendant with forgery in that he "with intent to defraud, knowingly delivered to Shoe Carnival, a document apparently capable of defrauding another, in that it was purported to have been made by another, the United States Treasury, said document being a counterfeit one hundred dollar bill ($100.00), knowing the document to have been thus made."

¶ 3    A jury found defendant guilty. Defendant moved for a new trial and to preclude any sentence other than probation. Defendant's sentencing motion argued that the Unified Code of Corrections required that he be sentenced to probation unless the trial court found that probation was inappropriate for one of several reasons. See 730 ILCS 5/5-6-1(a) (West 2008). However, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Defendant argued that, because the State had not presented the jury with facts to support any of the statutory bases for rejecting probation, the trial court could not make such findings and, thus, had to sentence him to probation.

¶ 4    The trial court found that probation would deprecate the seriousness of the offense (730 ILCS 5/5-6-1(a)(2) (West 2008)) and sentenced defendant to five years' imprisonment. Defendant moved the trial court to reconsider the sentence, renewing his *Apprendi* argument. The trial court denied the motion, stating that the issue should be resolved on appeal. Defendant timely appeals.

¶ 5    On appeal, defendant argues, as he did in the trial court, that his prison sentence violates *Apprendi*. His argument is premised on section 5-6-1(a), which provides as follows:

"(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:

(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or

(2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice; or

(3) a combination of imprisonment with concurrent or consecutive probation when an offender has been admitted into a drug court program under Section 20 of the Drug Court Treatment Act is necessary for the protection of the public and for the rehabilitation of the offender." 730 ILCS 5/5-6-1(a) (West 2008).

¶ 6    Defendant notes that the Supreme Court held in *Apprendi*, 530 U.S. 466, that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Defendant reasons that, because section 5-6-1 requires the court to make one of three findings in order to impose a prison term rather than probation, probation is the maximum sentence and any finding the court makes to increase that sentence violates *Apprendi*. The State responds that the maximum sentence for forgery, a Class 3 felony, is five years' imprisonment and that a finding that requires or authorizes the court to impose a particular sentence up to the maximum does not run afoul of *Apprendi*.

¶ 7    The threshold question we must answer is, what is the maximum sentence for forgery? In answering this question, we begin with *Apprendi* itself.

¶ 8    There, Apprendi pleaded guilty to, *inter alia*, the second-degree felony of unlawful possession of a weapon for an unlawful purpose. Under New Jersey law, this exposed him to a sentencing range of 5 to 10 years' imprisonment. *Id.* at 469-70. However, after finding that the offense was a "hate crime," the trial court sentenced Apprendi to an extended term of 12 years in prison. *Id.* at 470-71. The Supreme Court held that exposing Apprendi to a greater maximum penalty based on a finding made by the trial judge violated his rights to an indictment alleging every element of the offense and to have a jury find each element of the offense beyond a reasonable doubt. *Id.* at 490.

¶ 9    Two years later, in *Harris v. United States*, 536 U.S. 545 (2002), the Court reaffirmed its pre-*Apprendi* decision in *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), that factual findings triggering a mandatory minimum sentence did not offend the constitution. The Court reiterated its previous holdings that the State must prove each element of an offense beyond a reasonable doubt. *Harris*, 536 U.S. at 549 (citing *In re Winship*, 397 U.S. 358, 364 (1970)). The Court then observed that not every fact affecting a defendant's sentence is an element of the offense. The Court continued:

"After the accused is convicted, the judge may impose a sentence within a range provided by statute, basing it on various facts relating to the defendant and the manner in which

-3-

the offense was committed. Though these facts may have a substantial impact on the sentence, they are not elements, and are thus not subject to the Constitution's indictment, jury, and proof requirements. Some statutes also direct judges to give specific weight to certain facts when choosing the sentence. The statutes do not require these facts, sometimes referred to as sentencing factors, to be alleged in the indictment, submitted to the jury, or established beyond a reasonable doubt." *Id.* at 549-50.

¶ 10    *Harris* specifically considered a federal statute (18 U.S.C. § 924(c)(1)(A) (2000)) providing for certain minimum penalties for brandishing a firearm in the course of a drug-trafficking offense. *Id.* at 550-51. To answer the threshold question of the maximum penalty for the offense, the Court looked to the structure of the statute creating the offense, as well as the Court's historical experience with Congress's intent in drafting criminal statutes. After examining the statute in light of Congress's past practices in enacting similar statutes, the Court concluded that there was only one drug-trafficking offense and that the brandishing of a weapon was merely a sentencing factor requiring the court to impose a sentence in excess of a particular minimum, but still within the statutory range. *Harris*, 536 U.S. at 552-55.

¶ 11    To similarly discern the maximum sentence for forgery, we must consider three statutes. The Criminal Code of 1961 defines forgery, as charged here, as follows:

"(a) A person commits forgery when, with intent to defraud, he knowingly:

(1) makes or alters any document apparently capable of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not give such authority; or

(2) issues or delivers such document knowing it to have been thus made or altered ***.

* * *

(d) Sentence.

Forgery is a Class 3 felony." 720 ILCS 5/17-3(a)(1), (a)(2), (d) (West 2008).

¶ 12    The Unified Code of Corrections provides that, in general:

"The following are appropriate dispositions, alone or in combination, for all felonies and misdemeanors [with exceptions not relevant here]:

(1) A period of probation.

(2) A term of periodic imprisonment.

(3) A term of conditional discharge.

(4) A term of imprisonment." 730 ILCS 5/5-4.5-15(a)(1) through (a)(4) (West 2008).

¶ 13    The Unified Code of Corrections further provides that, for a Class 3 felony, "[t]he sentence of imprisonment shall be a determinate sentence of not less than 2 years and not more than 5 years." 730 ILCS 5/5-4.5-40(a) (West 2008).

¶ 14    Reading the three statutes together reveals the following. If a jury finds all of the elements listed in the statute defining the offense (and defendant does not dispute that the

-4-

jury did so here), the defendant is guilty of a Class 3 felony. The Unified Code of Corrections, in turn, provides that an "appropriate" sentence for a Class 3 felony includes a term of imprisonment (730 ILCS 5/5-4.5-15(a) (West 2008)), which may not exceed five years (730 ILCS 5/5-4.5-40(a) (West 2008)). Thus, defendant's five-year sentence, while the maximum, is still an "appropriate" disposition for a Class 3 felony. We find nothing in this statutory scheme suggesting that probation is the maximum sentence.

¶ 15    The language on which defendant relies is not in the part of the Unified Code of Corrections dealing with authorized sentences, but is in a later section dealing only with sentences of probation and conditional discharge (730 ILCS 5/5-6-1(a) (West 2008)). If the legislature had intended to make probation the maximum sentence for a Class 3 felony absent some special finding, it could have done so far more clearly than by burying the requirement in a section of the Unified Code of Corrections relating to probation and conditional discharge.

¶ 16    Defendant insists, however, that the provision that the court "shall impose a sentence of probation" unless it makes one of the enumerated findings (730 ILCS 5/5-6-1(a) (West 2008)) means that probation is the maximum sentence that may be imposed without finding an additional fact.

¶ 17    Defendant's argument that, because the trial court had to find an additional fact in order to impose a sentence other than probation or conditional discharge, that fact necessarily became an element of the offense, runs contrary to *Harris*'s statement that not every fact that affects a defendant's sentence is an element of the offense. *Harris*, 536 U.S. at 549-50. *Harris* acknowledged that the legislature may properly make some facts sentencing factors rather than elements of the offense and that, so long as those sentencing factors merely guide the trial court's discretion in imposing a sentence at or below the statutory maximum, those facts need not be alleged in the indictment or proved to a jury beyond a reasonable doubt. *Id.*

¶ 18    We find the provision defendant cites to be much more like the minimum-sentence provisions approved in *McMillan* and *Harris* than the extended-term provision at issue in *Apprendi*. We have already held that the maximum sentence for a Class 3 felony is five years' imprisonment. Section 5-6-1(a) requires a trial court to impose a less severe sentence within the applicable range unless it makes one of the findings. Under *Harris*, such a fact need not be proved to a jury beyond a reasonable doubt.

¶ 19    We note parenthetically that it is not clear that the additional "fact" that the trial court found is really a fact at all. The statute labels it an opinion. See 730 ILCS 5/5-6-1(a) (West 2008) ("the court shall impose a sentence of probation or conditional discharge upon an offender unless *** the court is of the opinion"). While we agree with defendant that the label the legislature uses is not dispositive, it appears to us that the required "finding" is truly an opinion. We can conceive of no objectively verifiable facts the State could prove to establish defendant's hypothetical offense of "forgery in which probation would deprecate the seriousness of the offense."

¶ 20    In any event, the conclusion that granting a particular defendant probation is appropriate is unquestionably a sentencing factor rather than an element of a new and distinct offense. Deciding whether probation or imprisonment is appropriate for a given defendant after

-5-

considering the circumstances of the offense and the defendant's individual characteristics is the type of decision that judges routinely make in sentencing. See *People v. Fern*, 189 Ill. 2d 48, 55 (1999) ("trial court is charged with fashioning a sentence based upon the particular circumstances of the individual case, including the nature of the offense and the character of the defendant").

¶ 21    The lead opinion in *Harris* reiterated the long-standing rule that not " 'every fact with a bearing on sentencing must be found by a jury.' " *Harris*, 536 U.S. at 558 (quoting *Jones v. United States*, 526 U.S. 227, 248 (1999)). Illinois has long followed the rule that juries should not concern themselves with sentencing issues. See Illinois Pattern Jury Instructions, Criminal, No. 1.01(4) (4th ed. 2000). The upshot of defendant's argument would be to intimately involve juries in sentencing issues whenever probation is a possible sentence. We are confident that this was not the legislature's intent in enacting section 5-6-1(a).

¶ 22    *People v. Swift*, 202 Ill. 2d 378 (2002), which defendant cites, is consistent with our conclusion here. In *Swift*, the court held that the defendant's 80-year sentence for first-degree murder violated *Apprendi* because the aggravating factor that the murder was exceptionally brutal and heinous was found by the judge and not proved beyond a reasonable doubt to the jury. In so holding, though, the court held that the maximum sentence for murder was 60 years' imprisonment, the maximum nonextended-term prison sentence. *Id.* at 388-89. We similarly conclude that the maximum sentence for forgery is five years' imprisonment, the maximum nonextended prison term.

¶ 23    Accordingly, defendant's five-year prison sentence was proper, and we affirm the judgment of the circuit court of Du Page County.


¶ 24    Affirmed.