NOTICE

Decision filed 03/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210230-U

NO. 5-21-0230

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 98-CF-1814 |
| | ) | |
| MICHAEL MILLER, | ) | Honorable |
| | ) | Janet R. Heflin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing defendant's petition for relief from judgment based on the doctrine of *res judicata*. Since no argument to the contrary would have merit, we grant defendant's appointed appellate counsel leave to withdraw and affirm the judgment of the circuit court.

¶ 2    Defendant, Michael Miller, has completed two-thirds of his 45-year prison sentence for attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)). He appeals from the circuit court's dismissal of his most recent petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). Defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), concluded the instant appeal lacks substantial merit. On that basis, it filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in

1

support thereof. OSAD gave proper notice to defendant, and we gave defendant an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit. Defendant has not taken advantage of that opportunity. This court examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and concludes this appeal indeed lacks merit. Accordingly, we grant OSAD leave to withdraw as counsel and affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4     Defendant was charged with attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)), a Class X felony (*id.* § 8-4(c)(1)), in August 1998. The jury trial began in May 1999, and the evidence revealed the following.

¶ 5     Defendant was in a relationship with Lavita A. Butkus, who was also known as Annie. In August 1998, on the side of a road in Venice, Illinois, defendant grabbed Annie by the hair, punched her repeatedly in the face, and stabbed her with a knife about her body. When he stabbed her in the head, the knife broke. With the broken knife, he attempted to cut her throat. Giving up on the knife, defendant grabbed a nearby tire iron and used it to strike Annie repeatedly on the head, as she laid helpless at the side of the road.

¶ 6     Annie was taken to a hospital and remained in a coma for three weeks. Her face was swollen beyond recognition. She required sutures for her wounds. As Annie regained semi-consciousness, it became clear that she had suffered severe neurological injuries from the beating. She remained largely noncommunicative and was confined to her bed for many weeks. After her release from the hospital, Annie entered two rehabilitation centers, a nursing home for a period of months, and later to a group home.

¶ 7    Defendant denied any culpability. The jury found him guilty as charged.

¶ 8    At the July 1999 sentencing hearing, defendant again denied any culpability. The trial court found that his offense "was committed with extremely brutal and heinous behavior indicative of wanton cruelty" (see 730 ILCS 5/5-5-3.2(b)(2) (West 1998)) and imposed an extended term of imprisonment of 45 years (see *id.* § 5-8-2(a)(2)).

¶ 9    On direct appeal, defendant argued—*inter alia*—that his extended-term sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court affirmed as modified the judgment of the trial court. *People v. Miller*, No. 5-99-0651 (2001) (unpublished order under Illinois Supreme Court Rule 23). In June 2003, the Illinois Supreme Court used its supervisory authority to direct this court to vacate its original decision and reconsider this case in light of *People v. Swift*, 202 Ill. 2d 378 (2002), *People v. Crespo*, 203 Ill. 2d 335 (2001), and *People v. Thurow*, 203 Ill. 2d 352 (2003), to determine whether a different result was warranted. *People v. Miller*, 204 Ill. 2d 675 (2003) (supervisory order).

¶ 10    On remand, this court rejected defendant's first and second arguments on appeal. *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Illinois Supreme Court Rule 23). As to the third and fourth arguments, this court agreed errors were committed but found those errors were harmless. *Id.* The judgment of conviction was affirmed. *Id.*

¶ 11    In the years that followed the direct appeal, defendant launched several collateral attacks on his conviction and sentence. Relevant here, he filed his first *pro se* petition for relief from judgment, pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2004)), in December 2004. Citing federal appellate court cases, defendant argued that the court's *Apprendi* violation could not be harmless. In February 2005, the circuit court dismissed the petition, and defendant appealed. This court's initial decision, which affirmed the circuit court's judgment, was vacated

3

by order of the Illinois Supreme Court which directed this court to reconsider its judgment in light of *People v. Vincent*, 226 Ill. 2d 1 (2007), to determine whether a different result was warranted. *People v. Miller*, 225 Ill. 2d 659 (2007) (supervisory order). This court found defendant's petition did not meet the two-year time requirement of the statute, and the judgment of conviction was not void. *People v. Miller*, 376 Ill. App. 3d 1170 (2007) (table) (unpublished order under Illinois Supreme Court Rule 23). This court additionally found the issue of an extended-term sentence was *res judicata* because it had been raised, and was decided adversely to defendant, on direct appeal. *Id.* Accordingly, this court affirmed the judgment of the circuit court. *Id.*

¶ 12     In December 2017, defendant filed another *pro se* section 2-1401 petition for relief from judgment seeking vacatur of the judgment and resentencing. In this petition, which is the subject of this appeal, defendant asserted that his 45-year sentence was "unconstitutional because it violates his Sixth and Fourteenth Amendment Rights of the U.S. Const." He explained that "the statutory maximum" for the offense of which he was convicted was 30 years in prison. The court, however, sentenced him to 45 years in prison based on a judicial finding that his conduct was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. Citing *People v. Swift*, 202 Ill. 2d 378 (2002), defendant argued that the court could not sentence him to an extended-term sentence on this basis because the jury at his trial was never presented with the question of whether his criminal conduct was accompanied by such behavior and the jury never made such finding.

¶ 13     The State filed a motion to dismiss, and defendant filed a reply to the State's motion. The court appointed counsel for defendant in January 2018.

¶ 14     In June 2019, the court held a hearing on the State's motion to dismiss defendant's petition. The State, defendant, and defendant's appointed attorney were present. The State argued that

defendant's petition was filed beyond the two-year limitations period, while defendant's attorney argued that untimeliness was not an issue because the petition claimed the judgment was void due to unconstitutionality. The court took the matter under advisement.

¶ 15    In August 2019, the circuit court entered an order dismissing defendant's petition for relief from judgment. The court found the issue was previously litigated and decided on direct appeal.

¶ 16    In January 2020, defendant filed a *pro se* motion for leave to file a motion to reconsider the dismissal order. In his motion, defendant averred that he was not informed of the August 2019 dismissal until very recently, and only after repeatedly writing to the circuit clerk. On May 27, 2021, the circuit court held a hearing on defendant's motion. Defendant appeared via a video-link from prison; his attorney and the prosecutor were present personally. The State waived the untimeliness of the motion to reconsider, and the court agreed to hear the motion on its merits.

¶ 17    Despite his attorney's presence, defendant argued the motion himself. Defendant argued that the two-year limitations period for section 2-1401 did not apply to his claim. "[T]here's no time limitation for the constitutionality of [a] statute." He emphasized that he was not making an argument based on *Apprendi v. New Jersey*, and "this only has to do with the constitutionality of [section] 5-8-2 [of the Unified Code of Corrections], and *People v. Swift*." Defendant claimed the Illinois Supreme Court held, in *Swift*, that "the whole entire statute is basically unconstitutional." After hearing argument, the court took the matter under advisement.

¶ 18    On June 30, 2021, the circuit court denied defendant's motion to reconsider. Defendant appealed, and OSAD was appointed to represent defendant.

¶ 19                                    ANALYSIS

¶ 20    Section 2-1401 establishes a comprehensive statutory procedure to challenge a final judgment when more than 30 days have elapsed since its entry. 735 ILCS 5/2-1401 (West 2016);

*People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Petitions must be filed no later than two years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West 2016); *People v. Caballero*, 179 Ill. 2d 205, 210 (1997). However, a defendant may use a section 2-1401 petition to challenge a void judgment at any time. *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32. Section 2-1401 authorizes a circuit court "to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. Where a section 2-1401 petition raises a purely legal challenge to a final order or judgment, and does not involve any factual dispute, the circuit court's dismissal of the petition is subject to *de novo* review. *Id.* ¶ 47.

¶ 21    The claim raised in defendant's section 2-1401 petition was previously raised by defendant, and decided by this court, in defendant's direct appeal. Therefore, as OSAD acknowledges, the claim is barred by the doctrine of *res judicata*.

¶ 22    *Res judicata* is a doctrine intended "to prevent multiple lawsuits between the same parties where the facts and issues are the same." *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 44. Under this doctrine, "a final judgment on the merits rendered by a court of competent jurisdiction operates to bar a subsequent suit between the same parties and involving the same cause of action." *Id.*

¶ 23    In defendant's direct appeal, defendant argued that his 45-year extended-term sentence was unconstitutional under the then-recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Illinois Supreme Court Rule 23). This court agreed a constitutional error was made. *Id.* However, citing *People v. Thurow*, 203 Ill. 2d 352 (2003), and *People v. Crespo*, 203 Ill. 2d 335

6

(2001), this court concluded *Apprendi* errors can be harmless beyond a reasonable doubt and there was overwhelming evidence that defendant committed the crime in a brutal and heinous manner indicative of wanton cruelty. *Id.* This court had no doubt that the instant crime was committed in such a manner. *Id*. Based on the record, this court continues to have no doubt that defendant acted in an exceptionally brutal and cruel manner.

¶ 24    With his latest section 2-1401 petition, defendant attempts to raise the same argument. Defendant attempted to distract from the *res judicata* of the claim in his petition by stating it "has nothing to do with *Apprendi*" and was instead based on *People v. Swift*, 202 Ill. 2d 378 (2002). However, the *Swift* decision is an Illinois progeny of *Apprendi* and represents nothing more than a straightforward application of *Apprendi* to the Illinois offense of first degree murder. See *id.* at 392 ("for purposes of *Apprendi* analysis, the 'sentencing range' for first degree murder in Illinois is 20 to 60 years' imprisonment" and therefore an 80-year extended-term sentence for that offense was unconstitutional under the circumstances in that case). To say a claim based on *Swift* "has nothing to do with *Apprendi*" is illogical. Moreover, this court considered *Swift* during defendant's direct appeal on remand from the Illinois Supreme Court. *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 25    We further reject defendant's request to ignore *res judicata* because section 5-8-2 of the Unified Code of Corrections (730 ILCS 5/5-8-2 (West 1998)) was void *ab initio*, as our supreme court has stated that section 5-8-2 is not void *ab initio*. *Hill v. Cowan*, 202 Ill. 2d 151, 156 (2002) (sections 5-5-3.2 and 5-8-2 of the Unified Code of Corrections "are not unconstitutional on their face"; therefore, the void *ab initio* doctrine is inapplicable). As such, the court properly dismissed defendant's petition for relief from judgment.

¶ 26                             CONCLUSION

¶ 27     The claim presented by defendant in his latest section 2-1401 petition was previously raised and rejected in his direct appeal. The circuit court therefore properly dismissed defendant's petition based on the doctrine of *res judicata*. No argument to the contrary would have merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.


¶ 28     Motion granted; judgment affirmed.