THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAN W. SMITH, Defendant-Appellant.

Second District   No. 2—07—1301

Opinion filed October 2, 2009.

Thomas A. Lilien and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

John B. Roe, State's Attorney, of Oregon (Lawrence M. Bauer and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE JORGENSEN delivered the opinion of the court:

Defendant, Dan W. Smith, was convicted of murder in 1979 and, following a remand from the supreme court, again in 1983. He was sentenced to natural life imprisonment. Defendant filed a petition pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)), which the trial court denied. Defendant appeals, contending that his petition stated a valid claim that his natural-life sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant acknowledges precedent holding that *Apprendi* does not apply retroactively to cases like his, in which direct appellate review had been completed before *Apprendi* was decided, but contends that the refusal to apply the decision to his case violates his rights to due process and equal protection. We affirm.

Defendant, along with Mary Smith, was charged with murder (Ill. Rev. Stat. 1977, ch. 38, pars. 9—1(a)(1), (a)(3)) and armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2(a)), arising out of the April 1978 death of Clifty Davis. Following a jury trial, defendant was convicted of murder and armed robbery. The State sought the death penalty and defendant waived a jury for sentencing. The trial court found defendant eligible for the death penalty, but declined to impose it, sentencing him instead to natural life imprisonment without the possibility of parole for murder and a concurrent 50-year sentence for armed robbery.

On direct appeal, the supreme court reversed defendant's convictions. The court held that defendant's statements to police were elicited in violation of his fifth-amendment right to counsel. *People v. Smith*, 93 Ill. 2d 179, 189 (1982).

Following a second jury trial, defendant was again convicted of murder and armed robbery. The trial court sentenced him to natural life imprisonment for murder and a concurrent 30-year term for armed robbery. This court affirmed the convictions. *People v. Smith*, No. 2—83—1086 (1984) (unpublished order under Supreme Court Rule 23).

In 1989, defendant filed a petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The record does not show the disposition of that petition. In 2001, defendant filed a *pro se* petition for *habeas corpus*. In it, defendant argued that the imposition of a natural-life sentence based on the trial judge's finding that the offense was committed in a cruel manner violated *Apprendi* and, therefore, the judgment was void. Defendant further contended that, because he had served more than the 40-year maximum sentence available at the time of the offense, he was entitled to release from custody. The trial court denied the petition and this court affirmed, ruling that *Apprendi* was not a postconviction event entitling defendant to *habeas* relief. *Smith v. Cowan*, No. 2—01—0772 (2003) (unpublished order under Supreme Court Rule 23).

In 2003, defendant filed a motion to vacate a void sentencing order, again arguing that his natural-life sentence violated *Apprendi*. The trial court recharacterized the pleading as a postconviction petition and summarily dismissed it. This court reversed, finding the recharacterization improper under *People v. Pearson*, 345 Ill. App. 3d 191 (2003). *People v. Smith*, No. 2—03—0459 (2004) (unpublished order under Supreme Court Rule 23).

Following remand, defendant filed an "amended" petition pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). Among other claims, defendant argued that the supreme court had, in *People v. Swift*, 202 Ill. 2d 378 (2002), held authoritatively that the only sentence authorized for the basic elements of first-degree murder, absent additional facts proven to a jury beyond a reasonable doubt, was between 20 and 60 years' imprisonment. Defendant contended that, as a matter of due process and equal protection, the same construction of the sentencing statutes must be applied to his case, regardless of the retroactive effect of *Apprendi*. The trial court denied the petition and defendant appeals.

On appeal, defendant renews his contention that the supreme court in *Swift* authoritatively construed the first-degree-murder sentencing statutes as providing a maximum sentence of 60 years' imprisonment absent additional facts proven to a jury beyond a reasonable doubt. Defendant contends that when a statute is judicially construed, that construction applies from the effective date of the statute, and that to hold that he is not entitled to the benefit of that construction of the statute would violate his rights to due process and the equal protection of the laws. U.S. Const., amend. XIV, §1. Defendant thus contends that consideration of the retroactive effect of *Apprendi* is irrelevant.

The State responds that the supreme court has held that *Apprendi* does not apply retroactively to cases in which direct appeals had been exhausted before *Apprendi* was decided (*People v. De La Paz*, 204 Ill. 2d 426 (2003)) and that this holding cannot be considered irrelevant. We note that the State does not raise any procedural objection to defendant's ability to raise this issue. The State does not suggest, for example, that defendant's *habeas corpus* petition rendered the issue *res judicata* or that defendant's section 2—1401 petition was filed beyond the two-year limitations period generally applicable to such petitions. Thus, we do not consider these issues.

Defendant relies on *People v. Swift*, 202 Ill. 2d 378 (2002). There, the supreme court held that the defendant's extended-term sentence violated *Apprendi*. The State argued that Illinois had a " 'unitary' " sentencing scheme for first-degree murder, such that when the State proved the elements of first-degree murder, the defendant was then subject to a sentence of anywhere from 20 years to natural life imprisonment (or death). *Swift*, 202 Ill. 2d at 388. In response to the State's argument, the court "construed" the statutes as setting a maximum sentence of 60 years unless the State proved additional facts. In other words, a sentence of more than 60 years was an "extended term" under *Apprendi*. *Swift*, 202 Ill. 2d at 388-90.

According to defendant, the supreme court "found that the State was not held to the appropriate burden of proof, and the finding that the crime was brutal and heinous was made by the trial court." Defendant further argues that "the statutory interpretation in *Swift* is authoritative and must be applied to everyone." Defendant contends that if an extended-term sentence without proof of additional facts was unconstitutional as applied to defendant Swift, then it should be unconstitutional as applied to him because to hold otherwise violates his due process and equal protection rights. Defendant thus reasons that, under his analysis, retroactivity is "irrelevant."

Defendant acknowledges that the supreme court in *De La Paz* held that *Apprendi* does not apply retroactively to cases in which the direct appeal had concluded before *Apprendi* was decided. However, he maintains that, since *De La Paz* "did not consider" whether such disparate treatment violates due process and equal protection, it is not controlling here.

Defendant's argument, while clever, ultimately fails. *Swift* simply held that the extended-term sentencing scheme was unconstitutional under *Apprendi*. Defendant's argument assumes that the *Smith* court construed the statutes as including *Apprendi*'s requirements. However, it did just the opposite: it construed the statutes as violating *Apprendi*. Thus, the same construction of the statutes—that they did not

incorporate *Apprendi*'s requirements—*did* apply to both defendant and the *Swift* defendant.[1] The only difference is that Swift's direct appeal was pending when *Apprendi* was decided, while defendant's had long since concluded. The United States and Illinois Supreme Courts have long held that such a distinction is appropriate and does not violate any constitutional protection.

The reading of *Swift* as a straightforward constitutional decision was confirmed by *De La Paz* six months later. If, as defendant argues, *Swift* had authoritatively construed the statutes as consistent with *Apprendi* and those requirements were included in the statutes from their effective dates, there would have been no need to decide six months later whether *Apprendi* applied retroactively. Under defendant's theory, *Swift* would have meant that *Apprendi* and its requirements were incorporated into the statutes from the beginning.

Defendant attempts to shrug off *De La Paz*, arguing that the due process and equal protection issue was "not presented" there. However, as noted, *De La Paz* is fundamentally inconsistent with defendant's argument. It is inconceivable that the court simply forgot that it had authoritatively construed the statutes six months earlier as already incorporating *Apprendi*. Moreover, even if we read *Swift* as defendant does, then *De La Paz* implicitly overruled it on that point.

To the extent that defendant argues that the prospective application of *Apprendi*, in and of itself, violates due process and equal protection, we are constrained to disagree with him. The Supreme Court has long held that retroactivity analysis is an integral part of its constitutional jurisprudence. See *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989). The Court has held that the Constitution "neither prohibits nor requires" retroactive effect of its decisions. *Linkletter v. Walker*, 381 U.S. 618, 629, 14 L. Ed. 2d 601, 608, 85 S. Ct. 1731, 1737 (1965), quoting *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 77 L. Ed. 360, 366, 53 S. Ct. 145, 148 (1932) (" 'the federal constitution has no voice upon the subject' ").

Moreover, as the State points out, in *Schriro v. Summerlin*, 542 U.S. 348, 159 L. Ed. 2d 442, 124 S. Ct. 2519 (2004), the Supreme Court held that *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002), an application of *Apprendi*, did not apply retroactively. In explaining its holding, the Court noted the need for finality in litigation, stating:

---

[1]The statutes now do incorporate *Apprendi*, but only as of 2001. See Pub. Act 91—953, §10, eff. February 23, 2001.

"The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart." *Schriro*, 494 U.S. at 358, 159 L. Ed. 2d at 452-53, 124 S. Ct. at 2526.

Thus, Supreme Court precedent makes clear that applying *Apprendi* retroactively does not result in a constitutional violation.

Before closing, we note that the State has moved to withdraw an alternative argument based on *People v. Ford*, 198 Ill. 2d 68 (2001). In light of our holding above, we do not reach that issue. Thus, we deny the motion as moot.

The judgment of the circuit court of Ogle County is affirmed.

Affirmed.

HUTCHINSON and SCHOSTOK, JJ., concur.