# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Rockman*, 2012 IL App (1st) 102729

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLAYTON ROCKMAN, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-10-2729 |
| Filed | March 30, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of first-degree murder in 1983 and sentenced to an enhanced term of 75 years and then filed a motion in 2010 seeking resentencing based on the claim that the portion of his sentence exceeding the statutory maximum of 40 years was void because the jury was only asked to determine the basic elements of first-degree murder, the trial court's dismissal of the motion on the ground that the voidness claim was not distinguishable from *Apprendi* was affirmed, and *Apprendi* does not apply retroactively to cases in which the direct appeal process had concluded at the time *Apprendi* was decided. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 82-C-488; the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Benjamin A. Wolowski, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Brian K. Hodes, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion.

Justices Lampkin and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Clayton Rockman was convicted in 1983 by a jury of first-degree murder. At the sentencing hearing held on July 21, 1983, the trial judge made a factual finding that the murder was exceptionally brutal and heinous. At that time, this factual finding made defendant eligible for an extended-term sentence, and defendant was sentenced to 75 years in the Illinois Department of Corrections. Without an extended-term sentence, the maximum sentence allowed under the statute would have been 40 years.

¶ 2    In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In the case at bar, the fact that increased defendant's penalty beyond the statutory maximum was not submitted to a jury and was not proved beyond a reasonable doubt. However, the Illinois Supreme Court held in *People v. De La Paz*, 204 Ill. 2d 426, 439 (2003), that "*Apprendi* does not apply retroactively." As a result, defendant concedes, as he must, that *Apprendi* cannot help him. Instead, on this appeal, defendant argues that the extended-term portion of his sentence is void.

¶ 3    Since 1991, defendant has made several collateral attacks on his conviction and sentence, including several postconviction petitions, two petitions for relief from judgment, a *habeas corpus* petition, and a motion to vacate a void judgment.

¶ 4    This current appeal concerns defendant's "Motion to Resentence Defendant Within Prescribed Statutory Limits Instanter" filed on March 16, 2010. In this motion, defendant argued that, pursuant to our supreme court's decision in *People v. Swift*, 202 Ill. 2d 378 (2002), the portion of his sentence that exceeds the 40-year statutory maximum is void. In *Swift*, our supreme court held that, where a jury is asked to determine only the basic elements of first-degree murder, the plain language of the statute makes defendant eligible only for the sentencing range specified for first-degree murder, but not for any extended term. *Swift*, 202 Ill. 2d at 388, 392.

¶ 5 In the case at bar, the trial court was not persuaded that defendant's voidness argument was distinguishable from *Apprendi*, and thus it dismissed defendant's motion. For the following reasons, we affirm.

¶ 6                                     BACKGROUND

¶ 7 Since defendant makes a strictly legal argument and the facts of his underlying case are not at issue, we need recite only the facts of the motion currently on appeal.

¶ 8 In his "Motion to Resentence Defendant Within Prescribed Statutory Limits Instanter," filed March 16, 2010, defendant claimed that his extended-term sentence was void, based on the Illinois Supreme Court's decision in *People v. Swift*, 202 Ill. 2d 378 (2002). Although defendant's motion was neither a postconviction petition nor a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), a void order "may be attacked at any time or in any court, either directly or collaterally." *People v. Thompson*, 209 Ill. 2d 19, 25 (2004). The trial court appointed a public defender on March 23, 2010, but defendant chose to waive appointed counsel and proceed *pro se*. Counsel then moved to withdraw, and the trial court allowed defendant to represent himself. On July 17, 2010, the State moved to dismiss, and on August 12, 2010, a hearing was held.

¶ 9 At the hearing, defendant argued *pro se* on behalf of his motion. At the outset, defendant stated that his current motion did not concern *Apprendi*. Defendant stated that he recalled being before the trial judge in 2005 and that the trial judge "had unequivocally explained to [him] that *Apprendi* was not retroactive on collateral review."

¶ 10 Defendant stated that his current motion was "a motion for resentencing within the prescribed statutory maximum" and that "it's dealing with a void judgment." Defendant stated that, in *Swift*, the Illinois Supreme Court had held that the sentencing range for first-degree murder was 20 to 60 years. However, defendant observed that, at the time that he was sentenced, the statute provided that, if no jury had found defendant eligible for the death penalty, then the sentencing range was 20 to 40 years.

¶ 11 Defendant argued that his sentencing order was "void as to the excess portion of the extended term as unauthorized by the sentencing statute as explained in the Illinois Supreme Court precedent established in *People v. Swift* *** which for the first time interpreted the sentencing statute for first degree murder." Defendant argued "that construction exposed the fact that the extended term sentencing statute had been misapplied to citizens of Illinois convicted of first degree murder for over 32 years."

¶ 12 Defendant further argued that:

"Defendant's excess sentence is void. Sentences that do not conform to statutory requirements [are] void. Where a sentence that is greater than that permitted by statute is imposed, a complete sentence is not void but rather only the excess portion of the sentence is void. *** [A] void judgment may be attacked at any time."

¶ 13 The trial court responded:

"No matter what you're saying, because you know if you go through the *Apprendi*

-3-

door, there's no steps there, and you just fall flat. And I'm just using an example of that. You've been very articulate.

So what you're doing is couching it under different terms, but it still comes under the *Apprendi* factor no matter how many times–you know, if you look at a dog from the side, from the front, from the back, from the top, from the bottom, it's still a dog."

¶ 14 Defendant responded:

"[W]hen a court interprets or clarifies the meaning of a statute or explains how it is to be applied, the court does not announce a new law but merely furnished the proper statement of the law. And this is what I'm saying that *People v. Swift* did. It was the statutory interpretation of what the law in Illinois has always been from the effective date of 1978 all the way past the *Apprendi* decision *** past the *Swift* decision. So when the *Swift* decision came out, it applied to me as well."

¶ 15 The trial court then granted the State's motion to dismiss. A notice of appeal was timely filed, and this appeal now follows.

¶ 16                                                            ANALYSIS

¶ 17 On this appeal, defendant appeals the dismissal of his "Motion to Resentence Defendant Within Prescribed Statutory Limits Instanter" filed on March 16, 2010. In this motion, defendant argues that the extended-term portion of his sentence is void.

¶ 18 After his jury conviction for first-degree murder, the trial judge made a factual finding that made defendant eligible for an extended-term sentence. The trial court then sentenced defendant to 75 years in the Illinois Department of Corrections. The maximum sentence allowed, without an extended-term sentence, was 40 years. Defendant argues that the extended-term portion of his sentence, which is 35 years, is void.

¶ 19 As noted above, in *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In the case at bar, the fact that increased defendant's penalty beyond the statutory maximum was not submitted to a jury and was not proved beyond a reasonable doubt.

¶ 20 However, as defendant concedes, *Apprendi* does not help defendant, because the Illinois Supreme Court held in *De La Paz* that "*Apprendi* does not apply retroactively." *De La Paz*, 204 Ill. 2d at 439.

¶ 21 Instead, on this appeal, defendant argues that the extended-term portion of his sentence is void. Since defendant makes a purely legal argument, our review is *de novo*. *Swift*, 202 Ill. 2d at 385.

¶ 22 In *Apprendi*, the defendant was convicted of possession of a firearm for an unlawful purpose, which was a second-degree offense normally punishable by a sentence of 5 to 10 years of imprisonment. *Swift*, 202 Ill. 2d at 381 (summarizing *Apprendi*). However, a New Jersey hate-crime statute increased the possible sentence to 10 to 20 years of imprisonment if the trial judge found, by a preponderance of the evidence, that the defendant had a

-4-

particular motive for the crime. *Swift*, 202 Ill. 2d at 381 (summarizing *Apprendi*). The United States Supreme Court struck down the hate-crime statute, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

¶ 23     After *Apprendi*, courts were left with the task of determining what "the prescribed statutory maximum" was. *Apprendi*, 530 U.S. at 490. In other words, to apply *Apprendi*, a court must first determine what was the maximum sentence the defendant could have received, based solely on the facts determined by a jury. *Swift*, 202 Ill. 2d at 385.

¶ 24     In *Swift*, our supreme court did what every court must do in an *Apprendi* case, which is to determine what is the statutory maximum, based solely on a jury determination of the basic elements of the crime. *Swift*, 202 Ill. 2d at 388. Our supreme court in *Swift* stressed that "this case involves application of the rule of *Apprendi*" (*Swift*, 202 Ill. 2d at 381) and that, to apply *Apprendi*, it must interpret the statute to determine what sentence the statute authorized, based solely on the basic elements. *Swift*, 202 Ill. 2d at 385, 388.

¶ 25     In *Swift*, our supreme court described the basic elements of first-degree murder as follows: "A defendant commits first degree murder when he kills an individual, intending or knowing that he is likely to cause death or great bodily harm, or when he commits the killing in the attempt or commission of a felony other than second degree murder." *Swift*, 202 Ill. 2d at 388. Our supreme court held in *Swift* that, when a jury determines these basic elements, and only these basic elements, "the plain language of the statute[ ]" makes him eligible for the sentencing range specified for first-degree murder, but not for an extended-term sentence. *Swift*, 202 Ill. 2d at 388, 392. Since *Swift* was heard on direct appeal, retroactivity was not an issue. *People v. Smith*, 395 Ill. App. 3d 496, 500 (2009).

¶ 26     Less than six months after *Swift*, our supreme court held in *De La Paz* that "*Apprendi* does not apply retroactively to causes in which the direct appeal process had concluded at the time that *Apprendi* was decided." *De La Paz*, 204 Ill. 2d at 429. Although the *De La Paz* case involved an extended-term sentence for armed robbery, whereas our case involves an extended-term sentence for first-degree murder, our supreme court held that, with regard to *Apprendi* cases, "[r]etroactivity is an all-or-nothing proposition." *De La Paz*, 204 Ill. 2d at 438. If we find that the error did not seriously affect "the fairness" in some cases, then it cannot be such "a bedrock procedural element *** requiring retroactive application in all cases." *De La Paz*, 204 Ill. 2d at 438.

¶ 27     In the case at bar, defendant recognizes the problem created for him by *De La Paz* and, as a result, he claims that he is not making an *Apprendi* argument but a voidness argument. He claims that, since the statute under which the jury convicted him authorized a maximum sentence of only 40 years, the portion of his sentence that exceeds 40 years is void. "Where a court imposes a sentence in excess of what a statute permits, the legal and authorized portion of the sentence is not void, but the excess portion of the sentence is void." *People v. Perruquet*, 181 Ill. App. 3d 660, 663 (1989). Since the supreme court's interpretation of a statute is retroactive to that statute's effective date (*Perruquet*, 181 Ill. App. 3d at 662-63), defendant argues that the statute never authorized his extended-term sentence and that, as a

result, his extended-term sentence is–and always has been–void.

¶ 28    "To the extent that the excess sentence is void, the judgment is void also, and a void judgment may be vacated at any time." *Perruquet*, 181 Ill. App. 3d at 663. Specifically, with respect to voidness and extended-term sentences, our supreme court has held:

> "A void order may be attacked at any time or in any court, either directly or collaterally. An argument that an order or judgment is void is not subject to waiver. Defendant's argument that the extended-term portion of his sentence is void does not depend for its viability on his postconviction petition. In fact, courts have an independent duty to vacate void orders and may *sua sponte* declare an order void." *Thompson*, 209 Ill. 2d at 27.

¶ 29    On appeal, the State argues that: (1) defendant's claim is untimely because it was filed 26 years after his sentence was imposed; (2) defendant's claim is barred by *res judicata* because he previously raised an *Apprendi* claim; and (3) an *Apprendi* claim cannot be applied retroactively. First, defendant's claim is not untimely because a void order may be attacked at any time. *Thompson*, 209 Ill. 2d at 27. Second, the State does not argue that defendant previously raised a voidness claim, so his claim is not barred by *res judicata*. Third, defendant has acknowledged all along, in his *pro se* motion and argument before the trial court and in his briefs to this court, that *Apprendi* cannot be applied retroactively.

¶ 30    However, we are still not persuaded that *Swift* is somehow distinguishable from all the other *Apprendi* cases to which *De La Paz* applies. In *Swift*, our supreme court stated explicitly that *Swift* was an *Apprendi* case and that the court was simply applying the rule of *Apprendi* to the statute before it. *Swift*, 202 Ill. 2d at 381. If the extended-term sentence in *Swift* was void, then we fail to see why every extended-term sentence in every statute would not be void; and, if they were all void, that would render meaningless our supreme court's holding in *De La Paz* that *Apprendi* has no retroactive application. If the extended terms were simply void, then our supreme court would not have had to consider whether they could be vacated retroactively under *Apprendi*.

¶ 31    In the appeal before us, defendant argues that *De La Paz* applies to all statutes but the first-degree murder statute. However, he offers us no reason why this statute should be treated differently, and he points to no language in either *Swift* or *De La Paz* indicating that our supreme court intended to carve out an exception for the first-degree murder statute.

¶ 32    The Second District has also considered the same argument raised here by defendant and rejected it. *Smith*, 395 Ill. App. 3d at 499-500. In *Smith*, the Second District held:

> "If, as defendant argues, *Swift* had authoritatively construed the statutes as consistent with *Apprendi* and those requirements were included in the statutes from their effective dates, there would have been no need to decide six months later whether *Apprendi* applied retroactively. Under defendant's theory, *Swift* would have meant that *Apprendi* and its requirements were incorporated into the statutes from the beginning." *Smith*, 395 Ill. App. 3d at 500.

We agree.

¶ 33                         CONCLUSION

¶ 34          For the foregoing reasons, we affirm the trial court's dismissal of defendant's motion.

¶ 35          Affirmed.