THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID VIDA, Defendant-Appellant.

First District (6th Division)   No. 1—99—2922

Opinion filed May 9, 2003.

Richard M. Bueke and Samuel S. Shim, both of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, Annette Collins, and Zachary M. Raimi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

This familiar case comes before this court on the State's petition for rehearing. On denial of the State's petition, we have reviewed our March 28, 2003, order vacating defendant David Vida's 100-year sentence and reducing his prison term to 60 years. In reliance on the Illinois Supreme Court's recent decision in *People v. Crespo*, 203 Ill. 2d 335 (2003), we now modify that opinion to reinstate defendant's 100-year sentence.

A jury convicted defendant of first degree murder. At trial, the State presented evidence that defendant killed Scott Harast, dismembered Harast's body with an ax and a tree saw and deposited the body in a campground. *People v. Vida*, 323 Ill. App. 2d 554, 557-60, 752 N.E.2d 614, 618-20 (2001). Utilizing the extended-term sentencing provisions of the Unified Code of Corrections (730 ILCS 5/5—8—2(a)(1), 5—5—3.2(b) (West 1998)), the trial court sentenced defendant to 100 years in prison based upon its finding that defendant's actions were exceptionally brutal and heinous and indicative of wanton cruelty. *Vida*, 323 Ill. App. 3d at 557, 752 N.E.2d at 618. On appeal, this court affirmed defendant's sentence and rejected his argument that under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the trial court was prevented from increasing defendant's sentence beyond 60 years based on the brutal and heinous nature of defendant's conduct. *Vida*, 323 Ill. App. 3d at 569, 752 N.E.2d at 627.

In a February 5, 2003, supervisory order, the supreme court instructed this court to vacate our opinion in *Vida* in light of *People v. Swift*, 202 Ill. 2d 378, 781 N.E.2d 292 (2002). In *Swift*, the defendant stabbed his victim 21 times in a drug-related altercation. *Swift*, 202 Ill. 2d at 380, 781 N.E.2d at 293. The supreme court held that the sentencing range for first degree murder in Illinois is 20 to 60 years in prison. *Swift*, 202 Ill. 2d at 388, 781 N.E.2d at 298. The court held that under *Apprendi*, a defendant's eligibility for an extended-term sentence (more than 60 years) must be pled and proved to a jury beyond a reasonable doubt. *Swift*, 202 Ill. 2d at 384, 781 N.E.2d at 295-96. The court held that the defendant's 80-year sentence violated *Apprendi* because it was based on the trial judge's factual finding that the behavior was exceptionally brutal or heinous. *Swift*, 202 Ill. 2d at 380, 781 N.E.2d at 293.

Pursuant to the supreme court's supervisory order directing this court to further consider *Vida* in light of *Swift*, we issued an opinion affirming defendant's conviction but vacating his 100-year sentence and reducing his sentence to 60 years. The State now seeks our reconsideration of that opinion based on the supreme court's decision in *Crespo*, which the court decided approximately four months after *Swift*. In *Crespo*, a jury convicted the defendant of the first degree murder of Maria Garcia. *Crespo*, 203 Ill. 2d at 337. In the main portion of its opinion, the court addressed issues other than the defendant's 75-year extended-term sentence, which the defendant then challenged in a petition for rehearing. In a supplemental opinion upon denial of rehearing, the court addressed the defendant's assertion that under *Apprendi*, his sentence should be vacated because the trial court based the sentence upon its finding of exceptionally brutal and heinous behavior indicative of wanton cruelty. *Crespo*, 203 Ill. 2d at 346. The State conceded that under *Swift*, the defendant's 75-year sentence violated *Apprendi* because it was greater than the statutory maximum of 60 years. *Crespo*, 203 Ill. 2d at 346. However, the State argued that the sentence should stand because under a harmless error analysis, "no reasonable jury could have failed to find beyond a reasonable doubt that the crime was committed in a brutal and heinous manner, indicative of wanton cruelty." *Crespo*, 203 Ill. 2d at 347.

The supreme court held that when a defendant did not raise an *Apprendi* objection at the time of trial, the court should apply a plain error test, under which the conviction and sentence would stand unless the defendant showed the error was prejudicial. *Crespo*, 203 Ill. 2d at 347. The court reasoned that for an appellate court to correct an error that the defendant did not raise at trial, the error must have been plain and have affected the defendant's substantial rights. *Crespo*, 203 Ill. 2d at 347-48, citing *United States v. Cotton*, 535 U.S. 625, 152 L. Ed. 2d 860, 122 S. Ct. 1781 (2002) (applying plain error test because of defendant's failure to object at trial, even though *Apprendi* had not been decided at that time).

Citing *Cotton*, the court stated in *Crespo* that under a plain error analysis, the appellate court could consider a forfeited error if the error seriously affected the fairness, integrity or public reputation of judicial proceedings. *Crespo*, 203 Ill. 2d at 348. Adopting that analysis, the court noted that Garcia, who was the mother of the defendant's child, sustained 24 stab wounds to the head, neck and body and that the defendant pulled Garcia's hair "with sufficient severity to rip out a large clump of hair with the scalp still attached." *Crespo*, 203 Ill. 2d at 348. Although the procedure by which the defendant was sentenced violated *Apprendi*, the court held that given the "overwhelming

evidence that the crime was brutal and heinous," no basis existed to conclude that the *Apprendi* violation affected the fairness of the defendant's sentencing and, therefore, the error did not constitute plain error. *Crespo*, 203 Ill. 2d at 348-49. In a dissenting opinion upon denial of rehearing, Justice Kilbride stated that *Swift* was correctly decided and that the similarly situated defendants in *Swift* and *Crespo* led the court to "diametrically opposed holdings." *Crespo*, 203 Ill. 2d at 351 (Kilbride, J., dissenting). Justice Kilbride questioned why, despite similar facts, the court vacated Swift's sentence in light of *Apprendi* but allowed Crespo's sentence to stand. *Crespo*, 203 Ill. 2d at 351 (Kilbride, J., dissenting). Justice Kilbride also noted that the *Crespo* majority utilized a plain error test instead of a harmless error analysis, which the State had advocated. *Crespo*, 203 Ill. 2d at 350 (Kilbride, J., dissenting).

In its petition for rehearing in this case, the State argues that using the plain error analysis adopted in *Crespo*, this court must reinstate defendant's 100-year sentence based on the brutal and heinous nature of his conduct. The State asserts that, as in *Crespo*, defendant here could not show he was prejudiced by the absence of a jury's finding that his conduct violated *Apprendi* because the *Apprendi* violation did not affect the fairness, integrity or public reputation of judicial proceedings. In addition, the State contends, even had defendant preserved his claim of error, the harmless error analysis in *Cotton* likewise supports defendant's extended-term sentence because no rational jury would have found his conduct to be anything other than brutal and heinous.

■ Reviewing the facts of defendant's case, we conclude that under the plain error analysis as used in *Crespo*, defendant cannot demonstrate that he was prejudiced by the absence of a jury finding that his conduct was exceptionally brutal and heinous. The facts presented in defendant's case supported a finding that the crime was committed in an exceptionally brutal and heinous manner indicative of wanton cruelty. Moreover, even if defendant had been sentenced after *Apprendi* was decided and had the opportunity to preserve the issue properly, the error would be harmless because, based on the evidence in the case, the State could prove beyond a reasonable doubt that the jury would have found Harast's murder to be brutal and heinous. Pursuant to the supreme court's supervisory order dated February 5, 2003, we vacate our judgment dated June 22, 2001. Moreover, in light

of *Crespo*, we modify our March 28, 2003, opinion and reinstate defendant's 100-year sentence.

Affirmed; sentence reinstated.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.