2020 IL App (1st) 170529-U

SIXTH DIVISION
September 11, 2020

No. 1-17-0529

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 97 CR 8844 |
| | ) | |
| DAVID VIDA, | ) | |
| | ) | Honorable Paula M. Daleo, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*   Defendant did not satisfy cause-and-prejudice test; circuit court properly denied motion for leave to file successive postconviction petition; affirmed.

¶ 2    Defendant, David Vida, appeals the circuit court's denial of his motion for leave to file a successive postconviction petition. On appeal, defendant contends that he satisfied the cause-and-prejudice test for a successive petition where he alleged that his postconviction counsel lied to him about raising an ineffective assistance of counsel claim related to plea negotiations. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                 A. Trial and Sentencing

¶ 5     In 1998, defendant was tried by jury for the murder of Scott Harast. The evidence showed that defendant invited Harast to help rehab a house. There, defendant and Harast had a physical altercation. Harast died of skull and brain injuries due to multiple blunt force trauma, and his injuries included facial fractures, bleeding inside the skull, lungs, and trachea, multiple head and body lacerations, and fractured ribs. *People v. Vida*, 323 Ill. App. 3d 554, 559 (2001).  Defendant admitted dismembering Harast's body and leaving the body in a campsite. *Id*. at 559-60.

¶ 6     At the sentencing hearing, the State noted that the general sentence for first degree murder was 20 to 60 years, but defendant could be sentenced to 60 to 100 years in prison, or sentenced to natural life, if the court found that the murder was accompanied by exceptionally brutal or heinous behavior indicating wanton cruelty. The court confirmed that an extended-term sentence "is appropriate only where the defendant's conduct is exceptionally brutal or heinous." The court described the case as perhaps "one of the most heinous and brutal crimes I have seen," and found that an extended-term sentence was warranted because the murder was accompanied by exceptional brutality and heinous behavior, indicative of wanton cruelty. Defendant was sentenced to 100 years in prison.

¶ 7                                   B. Direct Appeal

¶ 8     In his direct appeal, defendant contended that: 1) the police did not have probable cause to arrest him; 2) his trial counsel was ineffective because his counsel advised him not to testify at trial and failed to present significant evidence to support his case; 3) the trial court improperly allowed the jury to view certain evidence during its deliberations; and 4) his 100-year prison sentence was excessive, an abuse of discretion, and violated *Apprendi v. New Jersey*, 530 U.S.

466, 490 (2000). *Vida*, 323 Ill. App. 3d at 557. This court affirmed defendant's conviction and sentence.

¶ 9    The Illinois Supreme Court denied defendant's petition for leave to appeal, but in the exercise of its supervisory authority, directed this court to vacate the judgment and reconsider the decision in light of *People v. Swift*, 202 Ill. 2d 378 (2002), which held that, under *Apprendi*, a defendant's eligibility for an extended-term sentence (more than 60 years) must be pled and proved to the jury beyond a reasonable doubt. This court reduced defendant's sentence to 60 years. However, we later reinstated defendant's 100-year sentence based on *People v. Crespo*, 203 Ill. 2d 335 (2003), after the State filed a petition for rehearing. *People v. Vida*, 339 Ill. App. 3d 115 (2003) (*Vida II*). In *Crespo*, 203 Ill. 2d at 347, the supreme court held that when a defendant did not raise an *Apprendi* objection at trial, the reviewing court should apply a plain error test, wherein the conviction and sentence would stand unless the defendant showed the error was prejudicial. In defendant's case, he was not prejudiced by the absence of a jury finding that his conduct was exceptionally brutal and heinous. *Vida II*, 339 Ill. App. 3d at 118. We stated that "[t]he facts presented in defendant's case supported a finding that the crime was committed in an exceptionally brutal and heinous manner indicative of wanton cruelty." *Id*.

¶ 10                           C. Postconviction Proceedings

¶ 11    In October 2003, defendant filed a *pro se* petition for postconviction relief. Defendant asserted that: 1) under *Apprendi*, his extended-term sentence of 100 years was invalid and the trial court did not have authority to impose an extended-term sentence; 2) the trial court should have instructed the jury on lesser-included offenses; 3) the evidence was insufficient to support his conviction; and 4) his trial counsel was ineffective for ignoring evidence of an alibi defense. The circuit court dismissed defendant's *pro se* petition as frivolous and patently without merit.

¶ 12    Defendant appealed. In an order dated June 30, 2005, this court reversed the dismissal of the petition, finding that defendant's ineffective assistance of counsel claim set forth the gist of a claim. See *People v. Vida*, 2012 IL App (1st) 092323-U, ¶ 8 (summarizing the history of defendant's postconviction proceedings). The cause was remanded for further proceedings.

¶ 13    Also in June 2005, defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)), in which he challenged his extended-term sentence on the grounds that he was not charged or indicted by a grand jury with having performed an exceptionally brutal or heinous act with wanton cruelty. Defendant's section 2-1401 petition was dismissed on July 29, 2005.

¶ 14    Returning to the postconviction proceedings, defendant was appointed postconviction counsel, who filed a supplemental petition in June 2008. The supplemental petition asserted that trial and appellate counsel were ineffective for failing to argue that the trial court relied on improper facts in imposing an extended-term sentence and that defendant's conduct was not indicative of wanton cruelty.

¶ 15    Postconviction counsel later filed a 651(c) certificate (Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984)), which stated that he had consulted with defendant via letters and telephone on numerous occasions to ascertain his contentions, examined previous appellate decisions and the trial record for defendant's case, and researched issues about improper extended-term sentences. Counsel also noted that he filed a supplemental postconviction petition that raised the issue of ineffective assistance of trial and appellate counsel for failure to argue that the trial court considered improper factors in sentencing defendant to a 100-year extended-term sentence. Counsel averred that he had examined defendant's *pro se* petition and it adequately presented his claims of deprivations of

constitutional rights, so there was nothing to be added by an amended or additional supplemental petition.

¶ 16     The State filed a motion to dismiss the *pro se* and supplemental petitions, asserting in part that defendant's claims were untimely. The circuit court granted the State's motion to dismiss. On appeal, this court found that defendant's petition was not untimely and the matter was remanded for second-stage proceedings on the merits. *Vida*, 2012 IL App (1st) 092323-U.

¶ 17     On remand, the circuit court dismissed defendant's petitions on the merits after a hearing. The dismissal was affirmed on appeal. *People v. Vida*, 2015 IL App (1st) 132827-U.

¶ 18                     D. Motion for Leave to File a Successive Postconviction Petition

¶ 19     In September 2016, defendant filed a *pro se* motion for leave to file a successive postconviction petition. In his successive petition, defendant alleged that his trial counsel was ineffective during plea negotiations. Defendant asserted that because his trial counsel misapprehended the relevant statute, trial counsel failed to advise him that he faced an extended-term sentence upon conviction where his offense was exceptionally brutal or heinous. To allege cause, defendant asserted that his postconviction counsel lied to him about raising his plea negotiations claim and postconviction counsel did not provide a reasonable level of assistance. Defendant requested that the circuit court take judicial notice that since his postconviction counsel would not provide an affidavit stating that he lied to defendant, defendant submitted an affidavit to that effect. As for prejudice, defendant stated that his rights to due process and effective assistance of counsel were violated. Further, his claim so infected the plea negotiations that his 100-year sentence violated due process.

¶ 20     Defendant's appended *pro se* successive postconviction petition stated in part that during plea negotiations, an offer of 60 years' imprisonment was on the table. However, because trial

counsel misapprehended the law, trial counsel did not advise defendant that the trial court could sentence defendant to an extended term beyond 20 to 60 years. Defendant further asserted that but for counsel's failure to advise him of the possibility of an extended-term sentence, defendant likely would have accepted the State's offer of 60 years in prison and pled guilty to first degree murder.

¶ 21    In his affidavit, defendant averred that during private conversation, postconviction counsel lied to defendant about advancing the plea negotiations claim. Although defendant and postconviction counsel discussed the claim and postconviction counsel stated he would raise it in the supplemental petition, postconviction counsel did not do so.

¶ 22    On January 13, 2017, the circuit court entered a written order that denied defendant's motion for leave to file a successive postconviction petition. The court found that defendant could have raised his plea negotiations claim on direct appeal and in his own *pro se* postconviction petition. Defendant also did not identify any objective factor that impeded his own efforts to raise the claim in earlier proceedings, other than his own self-serving affidavit in which he averred that his postconviction counsel lied to him. The court further found that defendant did not show prejudice.

¶ 23    Defendant timely appealed.

¶ 24                                    II. ANALYSIS

¶ 25    On appeal, defendant contends that he should have been granted leave to file a successive postconviction petition. Defendant argues that he established cause in that he received unreasonable assistance from his postconviction counsel. Defendant further asserts that he sufficiently demonstrated prejudice by averring that he would have likely accepted the plea offer had his trial counsel provided correct advice during plea negotiations.

¶ 26    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) provides a means for criminal defendants to assert that the proceedings that produced their convictions resulted in a substantial denial of their constitutional rights. The Act "generally contemplates the filing of only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). To initiate a successive postconviction proceeding, a defendant must first obtain leave of court, which is granted when the defendant demonstrates 1) cause for the failure to bring the claim in the initial postconviction proceedings, and 2) prejudice results from that failure. 725 ILCS 5/122-1(f) (West 2014). "Cause" is "any objective factor, external to the defense, which impeded the [defendant's] ability to raise a specific claim in the initial post-conviction proceeding." *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002). "Prejudice" occurs "if the [defendant] were denied consideration of an error that so infected the entire trial that the resulting conviction or sentence violates due process." *Id*. at 464. Both prongs of the cause-and-prejudice test must be satisfied for a defendant to prevail. *People v. Guerrero*, 2012 IL 112020, ¶ 15. A successive postconviction petition is not considered filed until the defendant has obtained leave of court. *People v. Welch*, 392 Ill. App. 3d 948, 955 (2009). We review *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Diggins*, 2015 IL App (3d) 130315, ¶ 7.

¶ 27    Initially, we address the applicable pleading standard. Defendant asserts that he need only present a "gist" of cause and prejudice, which is the standard that applies to initial postconviction petitions. See *People v. Hodges*, 234 Ill. 2d 1, 10-11 (2009) (at the first stage, a defendant must allege a "gist" of a constitutional claim, and the circuit court dismisses the petition if it is frivolous or patently without merit). However, the two standards are different. Illinois courts have characterized the cause-and-prejudice standard as "more exacting" than the "gist" showing. *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 22. See also *People v. Miller*, 2013 IL App (1st) 111147,

¶ 26 (test for initial petitions is the "gist" standard and the cause-and-prejudice test for successive petitions is more exacting than the "gist" standard). A motion for leave to file a successive postconviction petition "will meet the cause and prejudice requirement if the motion adequately alleges facts demonstrating cause and prejudice." *People v. Smith*, 2014 IL 115946, ¶ 34.

¶ 28 Turning to the first requirement for leave to file a successive petition, defendant maintains that he demonstrated cause in the form of the unreasonable assistance he received from postconviction counsel. According to defendant, postconviction counsel promised to include the plea negotiations claim in the supplemental petition, but did not.

¶ 29 There is no constitutional right to the assistance of counsel in postconviction proceedings and the right to counsel is entirely statutory. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). A defendant is only entitled to the level of assistance provided for by the Act, which is a "reasonable level of assistance." *Id*. Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Either the record or a certificate filed by postconviction counsel must show that counsel: 1) consulted with the defendant to ascertain his contentions of constitutional deprivations, 2) examined the record of trial proceedings, and 3) made any amendments to the filed *pro se* petitions that are necessary to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984). Postconviction counsel is only required to investigate and properly present the defendant's claims (*People v. Richardson*, 382 Ill. App. 3d 248, 254 (2008)), and is not required to formulate new claims (*People v. Ramey*, 393 Ill. App. 3d 661, 668 (2009)).

¶ 30 Here, defendant has not adequately alleged cause. The record indicates that defendant was aware he received an extended-term sentence well before he filed his initial *pro se* petition. At his sentencing hearing, the State raised the possibility of an extended-term sentence and the trial court

explicitly stated that defendant was receiving an extended-term sentence. Defendant's extended-term sentence was thoroughly litigated in his direct appeal, albeit on a different basis than defendant raises now. Defendant also raised an issue related to his extended-term sentence in his initial *pro se* petition. He could have raised his current claim—that his trial counsel failed to advise him of the possibility of an extended term during plea negotiations—in his initial *pro se* petition as well. Whether postconviction counsel broke his promise to include the claim or not, postconviction counsel did not impede defendant from raising the claim himself. See *Ramey*, 393 Ill. App. 3d at 667 ("objective cause concerns an impediment to raising a specific claim in an earlier petition"). Further, postconviction counsel was not required to include a claim that was not in the initial *pro se* petition. See *Richardson*, 382 Ill. App. 3d at 254 (postconviction counsel may conduct a broader examination of the record than the issues raised in the *pro se* petition might require, and may raise additional issues, but there is no obligation to do so). Thus, defendant has not shown cause. See *Ramey*, 393 Ill. App. 3d at 669 (failure of postconviction counsel to raise additional issues does not satisfy the cause prong of the cause-and-prejudice test).

¶ 31    Because defendant did not show cause, we need not consider whether he adequately alleged prejudice. See *Guerrero*, 2012 IL 112020, ¶ 15 (both prongs needed for the defendant to prevail). The circuit court properly denied defendant leave to file a successive postconviction petition.

¶ 32                               III. CONCLUSION

¶ 33    For foregoing reasons, the judgment of the circuit court is affirmed.

¶ 34    Affirmed.