NOTICE

Decision filed 03/11/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240510-U

NO. 5-24-0510

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 98-CF-1814 |
| | ) | |
| MICHAEL F. MILLER, | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Barberis and Clarke concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in denying the defendant's motion for leave to file a successive postconviction petition where the defendant failed to establish cause for failing to raise his claim in his initial postconviction proceeding. Since no argument to the contrary would have merit, this court grants the defendant's appointed appellate counsel leave to withdraw and affirms the judgment of the trial court.

¶ 2    The defendant, Michael F. Miller, is serving a 45-year prison sentence for attempted first degree murder. In the years since his sentence was imposed in 1999, the defendant has appeared before this court on numerous occasions. On this occasion, he appeals from the trial court's denial of his motion for leave to file a successive petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)), the defendant's second such motion. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to

1

*Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a supporting memorandum of law. OSAD properly served notice on the defendant. This court gave the defendant ample opportunity to respond to OSAD's motion, but he has not responded. Having examined OSAD's *Finley* motion and memorandum, as well as the record on appeal, this court agrees with OSAD's assessment of this appeal. Accordingly, this court grants OSAD leave to withdraw as counsel and affirms the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4      On August 4, 1998, the State charged the defendant with the attempted first degree murder of Lavita A. ("Annie") Butkus. See 720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998). He remained in continuous custody from his arrest on August 5, 1998, until his sentencing on July 28, 1999. The trial court appointed trial counsel for the defendant.

¶ 5      Prior to his trial, and specifically on January 5, 1999, the defendant filed, by trial counsel, a petition for discharge from custody. The defendant alleged that he had not been brought to trial within 120 days from the date he was taken into custody, in violation of section 103-5(a) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/103-5(a) (West 1998)), commonly known as the Speedy Trial Act. The trial court scheduled a hearing on the petition for discharge for April 9, 1999. However, the docket sheets do not show that a hearing was held on that date. There is no transcript of a hearing on the petition for discharge. There is no written order, or docket entry order granting or denying the petition for discharge.

¶ 6      On May 4, 1999, the cause proceeded to a jury trial. Judge Hackett presided. The jury found the defendant guilty of attempted first degree murder.

¶ 7      The defendant filed a posttrial motion. In it, the defendant claimed, *inter alia*, that the trial court had erred in denying the defendant's petition for discharge under the Speedy Trial Act.

2

¶ 8　On July 28, 1999, the trial court held a hearing on the defendant's posttrial motion. Judge Hackett presided. The defendant was present, with trial counsel. Trial counsel argued, *inter alia*, that the court had erred in denying the defendant's petition for discharge from custody. According to counsel, it was Judge Romani who had held a hearing on the petition for discharge, just a day or two before the start of the trial. At that hearing, counsel continued, Judge Romani had decided that a particular two-week delay in the trial was attributable to the defendant and, on that basis, Judge Romani denied the defendant's petition for discharge. In opposition to the posttrial motion, the State argued that Judge Romani was correct in attributing delay to the defendant and in denying the petition for discharge for violation of the Speedy Trial Act. "Judge Romani was in the position to make the determination," the State argued. After hearing arguments, the trial court denied the defendant's posttrial motion.

¶ 9　Immediately, the trial court proceeded to sentencing. The court imposed a sentence of imprisonment for an extended term of 45 years.

¶ 10　On direct appeal, the defendant presented a few arguments, none of which related to his petition for discharge due to speedy-trial violation. Ultimately, this court affirmed the defendant's conviction and sentence for attempted first degree murder. *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11　In addition to the direct appeal, the defendant has launched several collateral attacks on his conviction and sentence. All of these attacks proved unsuccessful. See, *e.g.*, *People v. Miller*, No. 5-05-0182 (2007) (unpublished order under Illinois Supreme Court Rule 23); *People v. Miller*, No. 5-06-0280 (2008) (unpublished order under Illinois Supreme Court Rule 23); and *People v. Miller*, 2023 IL App (5th) 210230-U. Here, this court summarizes a small number of other, more pertinent attacks.

¶ 12                              A. Initial Postconviction Proceeding

¶ 13    On July 30, 2002, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2000)). The defendant raised various claims; however, he did not raise a claim concerning his petition for discharge or the Speedy Trial Act. On September 3, 2002, the defendant filed another *pro se* postconviction petition. This time, he raised a wide variety of claims, but again, he did not raise a claim concerning his petition for discharge or the Speedy Trial Act. The trial court advanced the petitions to the next stage and appointed postconviction counsel for the defendant.

¶ 14    On January 6, 2004, the defendant filed, by postconviction counsel, an amended postconviction petition. The amended petition reiterated the claims of the *pro se* petition filed on September 3, 2002. However, the amended petition did not reiterate any of the claims of July 30, 2002, and it did not assert any new claims.

¶ 15    Following an evidentiary hearing, the trial court on August 26, 2004, denied the defendant's amended postconviction petition. The defendant appealed. The court appointed appellate counsel for the defendant.

¶ 16    On appeal, the defendant argued that postconviction counsel had failed to provide reasonable assistance, despite filing a certificate to that effect. The defendant contended that if postconviction counsel had reviewed the record as claimed in his certificate, he would have noticed that the defendant's direct-appeal counsel had failed to raise the issue that the defendant had not been tried within 120 days from his custody date, as required by the Speedy Trial Act. The defendant insisted that his conviction and sentence be vacated on that basis.

¶ 17    In an order issued on March 8, 2007, this court rejected the defendant's argument for three reasons. First, the defendant based his speedy-trial argument on the Speedy Trial Act, and a

violation of a statute does not present a constitutional issue that can be addressed in a postconviction petition. Second, the argument that direct-appeal counsel was ineffective for not raising the speedy-trial issue was an argument that "was not raised in either of the original *pro se* petitions or in the amended petition filed by postconviction counsel." Therefore, the claim concerning direct-appeal counsel's alleged ineffectiveness was waived under section 122-3 of the Post-Conviction Hearing Act (725 ILCS 5/122-3 (West 2004) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.")). Third, there was simply no merit to the issue of direct-appeal counsel's alleged ineffectiveness. This court noted that the record showed that trial counsel had filed a petition for discharge on January 5, 1999, and the trial court had scheduled a hearing thereon for April 9, 1999. This court continued: "While the record does not contain a transcript of that [April 9, 1999,] hearing or an order showing the trial court's determination on the issue, the record does show that the speedy trial issue was raised in defendant's posttrial motion and rejected by the trial court." This court reasoned that if direct-appeal counsel had raised the speedy-trial issue, the appellate court on direct appeal "would have been required to give the trial court's judgment considerable deference, especially in light of the fact that here it is difficult to discern which party was primarily responsible for the problem [*i.e.*, for the delay in the defendant's trial]." Accordingly, this court was "unconvinced" that direct-appeal counsel "would have been able to show that the trial court abused its discretion in finding that defendant was brought to trial within the statutory period provided by section 103-5 of the Code [of Criminal Procedure]." *People v. Miller*, No. 5-04-0622, order at 4 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 18         B. First Motion for Leave to File a Successive Postconviction Petition

¶ 19     On September 26, 2008, the defendant filed a lengthy *pro se* motion for leave to file a successive postconviction petition, with attachments interspersed throughout. This motion for leave was the defendant's first such motion. In it, the defendant sought to present an array of postconviction claims accusing the police, the trial court, the trial prosecutor, trial counsel, direct-appeal counsel, and his prior postconviction counsel of various acts or omissions that had deprived him of his constitutional rights. Among the proposed claims was a claim that his trial commenced after the statutory speedy-trial period of 120 days had elapsed, and a claim that his trial counsel was ineffective for failing to arrange to have a court reporter present at the April 9, 1999, hearing on his petition for discharge for speedy-trial violation. The trial court denied the defendant leave to file a successive postconviction petition. The court stated that "[t]here is no claim advanced by the defendant which entitles him to a second petition and hearing."

¶ 20     On appeal, this court found that a few of the claims the defendant sought to raise—including his claim that his statutory speedy-trial right had been violated—were barred by the doctrine of *res judicata*. With respect to the remaining claims, the court found that they did not satisfy the cause-and-prejudice test for successive petitions. Accordingly, this court, on October 7, 2010, affirmed the trial court's judgment denying the defendant leave to file a successive petition. *People v. Miller*, No. 5-08-0551 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 21                         C. "Motion for Speedy Trial"

¶ 22     On January 21, 2010, the defendant filed a *pro se* "motion for speedy trial." The defendant claimed that he had been brought to trial in violation of the Speedy Trial Act. This time, he alleged that the trial court had never held a hearing on his petition for discharge for speedy-trial violation and had never ruled on the petition for discharge. He further alleged that at the July 28, 1999,

hearing on his posttrial motion, his trial counsel, the trial prosecutor, and the trial judge had "fabricated places and actions" so as to "stage a ruse to cover" for the violation of his statutory speedy-trial right. As relief, he asked the court "to grant him a Speedy Trial Hearing."

¶ 23    On January 25, 2010, the trial court, in a written order, dismissed the defendant's "motion for speedy trial." The court noted that the defendant's jury trial had been completed, that posttrial motions had been filed and ruled upon, and that the defendant had filed a direct appeal, which proved unsuccessful. "Defendant cites no matter pending which could be the subject of a speedy trial demand." Furthermore, the court stated that nothing in the defendant's motion provided a statutory basis for the court's recharacterizing the motion as a postconviction petition.

¶ 24    The defendant appealed from the trial court's dismissal order. However, the defendant failed to file with this court the record on appeal, despite this court's granting him an extension of time to do so. Therefore, on June 9, 2010, this court dismissed, for want of prosecution, the defendant's appeal from the trial court's dismissal of his "motion for speedy trial." *People v. Miller*, No. 5-10-0077.

¶ 25        D. Second Motion for Leave to File a Successive Postconviction Petition

¶ 26    On November 9, 2020, the defendant filed the motion that is the subject of the instant appeal—a *pro se* motion for leave to file a successive postconviction petition. This motion for leave was the defendant's second such motion, the first having been filed on September 26, 2008. In his motion for leave, the defendant first asserted that his initial postconviction proceeding was "fundamentally flawed." Then, he immediately turned to arguing that there was "cause" for his not raising his claim in his initial postconviction petition. Essentially, the cause consisted of the record's not establishing that Judge Romani had held a hearing on the defendant's petition for discharge for speedy-trial violation, and the record's not containing an order, signed by Judge

7

Romani, disposing of the petition for discharge. At the same time, the defendant argued, the record included a transcript of a hearing on the defendant's posttrial motion, a hearing during which his trial counsel, the trial prosecutor, and the trial court had "fabricated facts" and staged a "ruse" so as to create the impression that Judge Romani had heard and denied the petition for discharge. As for "prejudice," it took the form of having his petition for discharge remain pending for more than two decades, and of being unconstitutionally tried and sentenced by a court that lacked jurisdiction due to the unresolved petition for discharge. At the end of his motion for leave, the defendant presented an apparent prayer for relief. He stated that the trial court "must allow [him] to proceed to make available facts so they may now be reflected and made part of the original record in order to preserve the vindication of his constitutional violated rights [*sic*]." A proposed petition for postconviction relief did not accompany the motion for leave.

¶ 27 On June 27, 2023, the trial court entered a written order stating that "[t]he defendant's latest successive postconviction petition was filed on November 9, 2020." (Strictly speaking, the defendant did not file a successive postconviction petition on November 9, 2020; on that date, he filed a motion for leave to file such a petition.) The court wrote: "After having reviewed the extensive record under the doctrine of *res judicata*, it is clear that there is no merit to the petition. *** Defendant's claims have been raised numerous times and denied." The court denied the defendant's successive postconviction petition.

¶ 28 The defendant filed a motion to reconsider. In that motion, the defendant stated that his motion for leave to file a successive petition concerned the trial court's failure to hold a hearing and to enter a dispositive ruling on his petition for discharge and the resulting unconstitutionality of the trial and sentencing that followed. According to the defendant, the doctrine of *res judicata*

8

simply did not apply to his claim. On March 11, 2024, the trial court denied the motion to reconsider.

¶ 29    On April 8, 2024, the defendant filed a notice of appeal, thus perfecting the instant appeal. The trial court appointed OSAD to represent the defendant.

¶ 30                                II. ANALYSIS

¶ 31    This appeal is from the trial court's order that denied the defendant's motion for leave to file a successive postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). As previously noted, the defendant's appointed appellate counsel, OSAD, has filed a *Finley* motion and memorandum. OSAD contends that no meritorious argument can be made that the trial court erred in denying the motion for leave. This court agrees.

¶ 32    The Post-Conviction Hearing Act provides a means to collaterally attack a criminal conviction based on a substantial denial of a defendant's state or federal constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A proceeding under the Post-Conviction Hearing Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. Beaman*, 229 Ill. 2d 56, 71 (2008). Issues adjudicated on direct appeal or a previous collateral proceeding are barred by *res judicata*; issues that could have been raised, but were not, are forfeited. *People v. Tate*, 2012 IL 112214, ¶ 8. Only one postconviction petition is contemplated. 725 ILCS 5/122-1(f) (West 2020); *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). A defendant must obtain leave from the trial court in order to file a successive postconviction petition. 725 ILCS 5/122-1(f) (West 2020).

¶ 33    To obtain leave to file a successive postconviction petition, a defendant must either: (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 459. Cause is defined as

9

"an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2018). Prejudice is established by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* This court reviews *de novo* the trial court's denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39. Under a *de novo* standard, this court reviews only the trial court's judgment and not the reasons for the judgment. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

¶ 34    Whatever else can be said about the defendant's motion for leave, it is clear that the defendant failed to satisfy the "cause" prong of the cause-and-prejudice test. That is, he failed to point to an objective factor that impeded him from raising a claim in his initial postconviction proceeding. See 725 ILCS 5/122-1(f) (West 2018). In his motion for leave, the defendant stated, essentially, that he could not have raised his claim in his initial postconviction proceeding, in 2002-2004, because of the state of the record at that time. However, the pertinent portions of the record in 2002-2004 were exactly the same as they were at the time the defendant filed his second motion for leave in 2020. Those portions of the record had not changed at all.

¶ 35    The only difference lay in the "spin," the characterization, that the defendant sought to put on the statements made by his trial counsel, the trial prosecutor, and the trial court at the July 28, 1999, hearing on the defendant's posttrial motion. Beginning in January 2010, with the filing of his *pro se* "motion for speedy trial," the defendant sought to characterize the statements of trial counsel, the trial prosecutor, and the trial court as "fabrications" and a "ruse" to create the false impression that Judge Romani had held a pretrial hearing on the defendant's petition for discharge and had denied the petition. There was no difference in the actual transcript of the July 28, 1999,

10

hearing on the posttrial motion. The only difference was in the nefarious intent that the defendant sought to create, without any additional evidence.

¶ 36    Since the claim could have been raised in the initial postconviction proceeding in 2002-2004 just as easily as the defendant sought to raise it in 2020, cause cannot be shown. A defendant's motion for leave to file a successive postconviction petition must be denied where the defendant failed to establish cause under section 122-1(f) of the Post-Conviction Hearing Act. *People v. Guerrero*, 2012 IL 112020, ¶ 22.

¶ 37                                    III. CONCLUSION

¶ 38    Due to the defendant's failure to establish cause, the trial court was right to deny his motion for leave to file a successive petition. No argument to the contrary would have merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the trial court is affirmed.

¶ 39    Motion granted; judgment affirmed.